### 1914.   SHEFFIELD *v.* WHITFIELD *et al.*

1. Where a third person writes a merchant that, if credit is extended to a named person up to a certain amount for a limited time, he will pay in the event the principal debtor does not, the obligation created by the acceptance of the proposition is that of guaranty, and not of suretyship.

2. An offer which contemplates acceptance by the doing of an act can be accepted only by doing it within the life of the offer. If the act be performed while the offer is unrevoked, a binding contract is created, and the person making the offer must abide by its terms. It is unnecessary for the offeree to notify the offerer of his intention to accept the offer, unless the notice is called for by the offer. Where a continuing offer of guaranty is made, by the terms of which the offeree can extend credit to a named person for a limited time, and it is contemplated that the offer can be accepted only by extending the credit, the extending of the credit while the offer is unrevoked will convert it into a binding promise, even though the offeree has not notified the offerer of his intention to accept the offer.

Complaint, from city court of Moultrie—Judge McKenzie. May 13, 1909.

Argued June 28,—Decided October 13, 1909.

*Shipp & Kline, George R. Kline, Shipp & Sheppard,* for plaintiff.

*T. W. Mattox, W. A. Covington,* for defendant.

RUSSELL, J. Sheffield sued Whitfield and Sloan on the following writing: "S. Sheffield, dealer in portrait and picture frames, Shellman, Ga. Should W. H. Hancock order goods of you at one or several times within the next twelve months from the date of this letter of credit, we jointly and severally request that you ship such goods to his order, allowing a credit of thirty days from date of shipment; and if said W. H. Hancock shall fail to pay for such goods within thirty days after date of shipment, we agree to pay for such goods at the price you charged him for same, provided our responsibility shall not exceed two hundred and fifty ($250) dollars. We waive all notice to us of shipment made to said W. H. Hancock on the faith of this letter of credit, as well as notice that he failed to pay for such goods; and in case the collection of the amount due to you by virtue of the credit you extend to said W. H. Hancock by virtue of this letter of credit is enforced by suit, we agree to pay all court costs and attorney's fees, and the attorney's fees may be included with the judgment. We represent that we are worth not less than fifteen hundred dollars each." The petition alleged, that within less than twelve months after the letter was received by Sheffield, he, on the faith thereof, shipped to Hancock various amounts of goods on credit, and that Hancock defaulted in payment to the extent of $255.90; that Hancock resided without the State; that he was insolvent, and that payment of the balance due had been demanded of him

and also of the defendants. On the motion of defendants, the trial judge dismissed the petition, because it failed to allege that the defendants were notified by the plaintiff before the goods were shipped to Hancock that they had been accepted as guarantors.

1. The contract created by the letter and the shipment of the goods on the faith thereof was a contract of guaranty, and not of suretyship. It is plain that the writers of the letter agreed only to be secondarily liable. *Musgrove* v. *Luther Publishing Co.,* 5 *Ga. App.* 279 (63 S. E. 52); *Manry* v. *Waxelbaum Co.,* 108 *Ga.* 14 (33 S. E. 701).

2. We do not think it necessary that the creditor should notify the guarantors that they had been accepted as guarantors, before the goods were shipped. It was held in the case of *Claflin* v. *Briant,* 58 *Ga.* 413, that a mere offer from a prospective guarantor to a prospective creditor to become a guarantor must be accepted by the creditor. There can be no question as to the soundness of this ruling. An offer and an acceptance are essential prerequisites to the creation of every kind of contract. An offer may be accepted, however, either by a promise to do the thing contemplated therein, or by the actual doing of the thing. The offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made; or if it calls for an act, it can be accepted only by the doing of the act. For example, an offerer offers to pay an offeree $200 in thirty days if the offeree will deliver to him within twenty-four hours his horse. The offer can be accepted only by the delivery of the horse, and not by a promise to deliver the horse. The act of delivering the horse is the acceptance of the offer, and only when that act has been performed by the offeree does a contract come into existence. See Langdell's Summary of the Law of Contracts, 248 et seq. In determining whether an offer to become a guarantor must be accepted by notice or by the extension of credit, it is only necessary to look to its terms. In the present case the language of the offer plainly contemplates that it should be accepted by the actual shipment of the goods, and not by a notice that the guarantors had been accepted and that the goods would be shipped. The offer contemplated the formation of a contract in which an act should be given in exchange for a promise; that the act should be both the acceptance of the offer and the consideration for the

promise. In such a case it is wholly unnecessary for the offeree to notify the offerer of his intention to accept the offer before shipping the goods. "The guaranty was absolute in its terms, but neither party was bound by it until it was acted upon. The acceptance by the plaintiffs consisted in their making sales in reliance on it; until that had been done the defendant was at liberty to withdraw the guaranty, and plaintiffs were at liberty to decline to deliver goods." Per Cooley, J., Crittenden v. Fiske, 46 Mich. 70 (8 N. W. 714, 41 Am. R. 146); Davis v. Wells Fargo Co., 104 U. S. 686 (26 L. ed. 686); Childs on Suretyship and Guaranty, 24. In the case of Sanders v. Etcherson, 36 Ga. 405, the exact point now under discussion was decided, and it was held that where an offer to become a guarantor contemplated acceptance by the actual extension of credit, it was not necessary for the creditor to notify the guarantor of his intention to extend credit. It was ruled that the act of extending credit was the consideration which converted the offer into a binding promise. In the light of this precedent, it is unnecessary to discuss the point further. The holding of that case was expressly reaffirmed by the Supreme Court in the recent case of Manry v. Waxelbaum, 108 Ga. 14 (33 S. E. 701). As already stated, the case of Claflin v. Briant, 58 Ga. 414, is distinguishable on the ground that the court construed the offer there as contemplating the formation of a bilateral contract; and, of course, in such a case the offer must be accepted by a counter-promise before a contract is created. An offer calling for a promise can be accepted only by the making of the promise, just as an offer calling for an act can be accepted only by the doing of the act. In the case at bar the offer called for the doing of an act, and, under the allegations of the petition, the offer was accepted before it was revoked, and within the time limited by its terms. The officer said in effect, "Extend the credit, and I will pay if the debtor does not." The creditor did the very thing which the offerer told him to do, and it would be unreasonable to hold that he must do more.

It should be remembered that the duty resting upon the creditor to notify the guarantor within a reasonable time of the default of the principal debtor or of the shipment of the goods was expressly waived in this case. The case was not dismissed on this ground, but on the ground that the creditor had not notified the guarantors

that he had accepted them as guarantors before shipping the goods. While a creditor owes to a guarantor the duty of giving certain notices, of course these notices may be waived. Childs on Suretyship and Guaranty, 30.          *Judgment reversed.*