2281, 2327.   SHEPPARD *v.* DANIEL MILLER COMPANY,
and *vice versa.*

1. Where the terms of a proposed guaranty contemplate acceptance thereof only by an extension of credit, and, relying thereon, the credit is actually given, the contract becomes complete and binding, and no notice of acceptance of the guaranty is necessary.
2. Where an absolute promise to become responsible for a certain amount becomes binding by acceptance, the promisor will be bound to the extent of his guaranty, although the creditor, during the existence of the contract, may have extended credit to the original debtor in an amount greater than the sum named in the guaranty.
3. Where the undertaking of the guarantor is to pay for goods sold by the creditor to the debtor to the extent of a specified sum, and in addition to pay 10 per cent. on the indebtedness as attorney's fees in the event of suit, the amount stipulated as attorney's fees is recoverable from the guarantor on giving the statutory notice.
4. Where this court has jurisdiction of the writ of error on a main bill of exceptions, it will consider and decide all questions properly made by a cross-bill of exceptions, although such questions may be interlocutory in character, where, under the judgment of this court, the case is to be again tried in the court below.

Complaint; from city court of Calhoun county—Judge Calhoun.   November 11, 1909.

Submitted February 22,—Decided June 14, 1910.

*Pottle & Glessner,* for Sheppard.   *Smith & Miller,* contra.

HILL, C. J.   Daniel Miller Company, a corporation, sued Sheppard on the following writing: "For goods delivered and to be delivered to Fain & Weaver of Edison, Ga., debtor, and for other valuable considerations, the undersigned agrees to pay to Daniel Miller Company, a corporation, a sum not exceeding fifteen hundred dollars as guarantor for any sum or sums that may now be due or may hereafter become due by said debtor to the said cor-

poration, this being also a continuing guaranty for such goods as the Daniel Miller Company shall sell and deliver (and it shall have the exclusive right to determine what and when it shall deliver) or for any credit it may extend to the said debtor, at any time from the date hereof and as long as this guarantee shall be in force and not revoked in writing. And the said guarantor-agrees to pay on demand, without offset or delay, to the said Daniel Miller Company any part of said indebtedness hereby guaranteed remaining unpaid at maturity, according to the terms thereof; and the guarantor hereby waives notice of non-payment of said bill or bills or other indebtedness by said debtor, and also waives notice of future purchases as long as this guaranty is in force, and further waives any right to require said corporation to sue said debtor and to exhaust his assets before demanding payment, under this guaranty. And the said guarantor hereby agrees to pay 10 per cent. in addition to the sum due by said debtor, to cover costs of collection and attorney's fees, with waiver of exemption and homestead in favor of Daniel Miller Company. Witness our hands and seals this March 7, 1907. [Signed] E. S. Sheppard, Seal. Received March 11, 1907. [Signed] Daniel Miller Company." The petition alleges an indebtedness of $1,500 principal, and interest, and $150 as attorney's fees, on the above-stated obligation; that the petitioner complied with the terms of the obligation on its part, and furnished and sold to the firm of Fain & Weaver merchandise in the sum of $1,500, upon the said written obligation (a bill of particulars being attached to the petition); and it also alleges the statutory notice as to attorney's fees. The defendant demurred on the ground that the petition set forth no cause of action, as the contract relied upon was unilateral, and not binding on the defendant; that the writing sued upon was a mere proposal of guaranty, calling for a timely acceptance, and that no acceptance is alleged; and that if the contract ever became binding at all, the guarantor was released therefrom by the act of the plaintiff in furnishing to the original debtor merchandise exceeding the sum of $1,500, thereby increasing the risk of the guarantor as contemplated by the instrument. And a further ground of demurrer was urged against the right to recover attorney's fees. The court overruled the demurrer, except as to attorney's fees. The defendant excepted, and the plaintiff filed a cross-bill of exceptions.

1, 2.   The questions made by the main bill of exceptions are so fully and clearly covered by the decision of Judge Russell, speaking for this court, in the case of *Sheffield* v. *Whitfield,* 6 *Ga. App.* 762 (65 S. E. 807), and the decisions there cited, that it would seem superfluous to go over the ground therein covered, or to cite any other authorities.   As stated by Mr. Brandt: "All courts recognize the principle that it is necessary to the completion of a contract that the minds of both contracting parties shall meet; the conflict is as to when they have met.   They all hold that a mere offer to guaranty, the same as any other offer, is not binding unless accepted; the conflict is as to whether the guarantor must be notified of the acceptance of the guaranty, and whether the writing amounts to an offer to guaranty or to a completed guaranty."   1 Brandt on Suretyship and Guaranty (3d ed.), §216. As was said by Judge Russell in the *Sheffield* case, supra: "An offer may be accepted either by a promise to do a thing contemplated therein, or by an actual doing of the thing."   In the present case the allegation of the petition is that the goods had actually been sold and furnished to the original debtor by the plaintiff; in other words, the offer was accepted by the plaintiff in the manner contemplated by the guaranty, to wit, the furnishing of goods to the extent of $1,500; the act of furnishing the goods was acceptance of the guaranty, and this made the contract complete as between the guarantor and the guarantee.   The guaranty in question covered not only goods that were to be sold, but goods that had already been sold.   It is absolute in its terms, and there could be no stronger or higher acceptance by the plaintiff than by making sales in reliance thereon.   As to any future sales that might be made under the guaranty, notice to the guarantor was also expressly waived by its terms.   But, as above intimated, we think any extended discussion on the subject is rendered wholly unnecessary by the decision of this court in the *Sheffield* case, supra, following the decisions of the Supreme Court, especially in the cases of *Sanders* v. *Etcherson,* 36 *Ga.* 405, and *Manry* v. *Waxelbaum,* 108 *Ga.* 14 (33 S. E. 701).

As to the point that the plaintiff had violated the contract of guaranty by extending to the original debtor a credit in excess of the $1,500, and thereby released the guarantor from liability, it is ruled adversely to the contention of the plaintiff in error, in the

case of *Small Co.* v. *Claxton*, 1 *Ga. App.* 83 (57 S. E. 977). It could not concern the maker that other goods were sold to the debtor, as in no event could his liability exceed the sum of $1,500, the payment of which he had absolutely guaranteed. The limitation is not of the credit of Fain & Weaver, but of the extent of the guarantor's liability. The guarantor will be held liable to the extent of his guaranty, notwithstanding credit may have been given by the guarantee to the debtor greater than the sum named in the guaranty. *Manry* v. *Waxelbaum*, supra. We are satisfied that the judgment of the trial court in overruling this part of the demurrer should be affirmed.

3, 4. As to the cross-bill of exceptions: A motion was made in this court to dismiss the writ of error as to the cross-bill of exceptions, on the ground that it was premature; that the judgment excepted to was only interlocutory in character, and that even if a decision had been rendered as claimed by the plaintiff in error in the cross-bill, this would not have been a final disposition of the case, or final as to some material part thereof. We do not think there is any merit in the motion to dismiss. The rule as to the final disposition of a case in the court below which applies to cases brought to this court by main bill of exceptions does not apply to questions made by a cross-bill of exceptions, and whenever the case is to be tried again in the court below, it is the duty of this court to decide all questions made by the cross-bill. Civil Code, §§ 5527, 5535.

We think the court erred in holding in effect that the plaintiff was not entitled to recover 10 per cent. as attorney's fees. The right to attorney's fees upon giving the statutory notice, it seems to us, is expressly promised by the guarantor in his written obligation: "And the said guarantor hereby agrees to pay 10 per cent. in addition to the sum due by said debtor, to cover costs of collection and attorney's fees." In other words, the maker of this guaranty said to the guarantee: "Whatever goods you may sell to Fain & Weaver of Edison, Ga., debtors, I will pay, up to $1,500; and in addition to the sum which they, Fain & Weaver, may owe you for goods so furnished, whether it be less than $1,500 or up to $1,500, I will also pay 10 per cent. on the amount of that indebtedness as attorney's fees." The contract is not to pay in any event only $1,500, this to exclude attorney's fees, but the contract is to

pay, in addition to the $1,500, 10 per cent. on this amount as attorney's fees. We do not see how the contract to pay attorney's fees in this case differs from the stipulations.as to attorney's fees in any other written obligation of indebtedness; and we are clear that the only rational construction of the contract on this subject is that the guarantor obligated himself to pay 10 per cent. as attorney's fees, in addition to the amount that he might be called upon to pay under the guaranty, to the limit specified therein.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill.*