## 3711. SPENCE DRUG COMPANY *v.* AMERICAN SODA FOUNTAIN COMPANY.

No material error of law appears, and the evidence demanded the verdict directed for the plaintiff.

DECIDED JULY 23, 1912. REHEARING DENIED SEPTEMBER 20, 1912.

Trover; from city court of Camilla—Judge Dasher. August 12, 1911.

The American Soda Fountain Company brought trover against the Spence Drug Company of Camilla, Georgia, to recover a certain "Innovation Soda Water Apparatus," and on the trial elected to take a verdict for the proved value of the apparatus, and a verdict was accordingly directed in its favor. The defendant's motion for a new trial was overruled. Besides the general grounds, the motion contains specific assignments of error as to the direction of the verdict, and as to the admission and rejection of testimony. The defense originally relied upon was that the plaintiff had failed to carry out its contract, in that it had agreed to sell or take, as part of the purchase price for the new soda-fountain apparatus, an old soda-fountain of the defendant. The case went to trial on this defense alone, but, by an amendment allowed at the trial, the further defense of partial failure of consideration was set up.

The evidence for the plaintiff made in substance the following case: The drug company signed a written order directed to the American Soda Fountain Company, for the purchase of one "Special Innovation Soda Water Apparatus" as therein described, specifying the price and terms. Across the face of the order was the following printed stipulation: "Price f. o. b. Boston. Freight to be paid by customer. This order is taken subject to the approval

of the American Soda Fountain Company, Boston, Mass., and *can not be countermanded by the shipper* [?]. *There are no conditions or agreements with your salesman, except those herein stated,* and no claim will be made by me for anything not specified herein. Plumbing can not be either ordered or paid for by the American Soda Fountain Company." On December 23, 1909, the American Soda Fountain Company, referring to a letter of its agent enclosing this order, addressed the following letter to the Spence Drug Company: "Your contract for Innovation Apparatus, as per copy enclosed, has been submitted by our salesman, Mr. George T. Smith, and the same is hereby accepted upon the terms and conditions specified." The copy referred to in the letter contained the following: "I agree to pay . . all setting up expenses and to insure said apparatus," but in the original contract sued on and introduced in evidence the words "all setting up expenses" were stricken out. On February 10, 1910, the soda-fountain company wrote to the drug company as follows: "As per previous shipping notice, we are pleased to advise you that shipment of your Innovation outfit went forward on the 4th inst. Bill of lading covering shipment is being forwarded to you under separate cover." The soda-fountain arrived at Camilla, Georgia, on or about February 10, and the drug company notified the agents of the soda-fountain company of its reception. These agents immediately notified the drug company that they would send a mechanic to Camilla to install the fountain by the last of the week; and the mechanic did subsequently go to Camilla, and installed the fountain in the place pointed out by the drug company.

Previous to the arrival of the soda-fountain at Camilla the drug company wrote to the soda-fountain company that it wanted to cancel the contract, and stated in this letter that it would refuse to allow the soda-fountain to be installed, unless the soda-fountain company would pay the freight bill of $85.14, and deduct the amount from the "last series of notes" given to cover the deferred payments on the soda-fountain, and added that settlement of the balance would be made according to contract. The soda-fountain company refused to permit the cancellation of the contract, and insisted upon its performance according to its terms, one of which was that the order could not be countermanded. The salesman of the soda-fountain company, when notified of the refusal of the

drug company to accept the fountain unless the freight was paid, agreed with the drug company that he would himself pay the freight bill. Then the drug company refused to accept the fountain unless the soda-fountain company would guarantee the sale of the old fountain. This refusal was made in a telegram sent to George T. Smith, the salesman of the soda-fountain company, who replied by telegram as follows: "This guarantee sale is a personal matter. No mention made in your contract to company." After receiving this reply the drug company paid the freight and demurrage on the fountain and permitted its installation in its store by the agent of the soda-fountain company, who had been sent for that purpose by the seller. After the installation of the soda-fountain, Smith, the salesman, endeavored to have the drug company comply with the stipulations of the contract as to payment of the purchase-price, to wit, 15 per cent. cash, and notes for the balance. The drug company refused to pay according to the terms of the contract, and thereupon Smith, in behalf of the soda-fountain company, demanded a return of the fountain, there being in the contract a reservation of title in the seller until payment of the purchase-money. This demand was refused, and the soda-fountain company instituted the trover proceeding. The evidence relating to the plea of partial failure of consideration will be referred to in the opinion, so far as material.

*Pope & Bennet, E. M. Davis,* for plaintiff in error.

*E. E. Cox,* contra.

HILL, C. J. (After stating the foregoing facts.) 1. The Spence Drug Company, in the first place, insisted that there was no completed contract; that the original order was a mere offer to contract, and that this offer had not been accepted as made, in that the American Soda Fountain Company had not accepted it with the words "all setting up expenses" stricken out, and, therefore, that the Spence Drug Company had the right to countermand the order before delivery of the soda-fountain apparatus.

Under the evidence, we think the contract was completed. The copy of the order, attached to the letter, was simply a memorandum of the contract. No reference was made to any change, but the order as received was expressly accepted. The original contract, with the words "all setting up expenses" stricken out, was the

one sued upon and introduced in evidence. Besides, no claim was made upon the Spence Drug Company for any of the expenses connected with the installation of the fountain. The agent of the American Soda Fountain Company testified that these words were stricken out of the contract for the purpose of making it clear that the Spence Drug Company would not be called upon to pay the expenses of setting up the fountain. Performance by the plaintiff and the payment by it of the setting up expenses prove clearly that the offer to buy was accepted as made. It follows, therefore, that the countermand was in direct conflict with the express stipulations of the contract, and could not avail. Even after the attempted countermand the soda-fountain was shipped to Camilla to the Spence Drug Company and was accepted by it. The shipping and installation of the fountain by the American Soda Fountain Company amounted to an acceptance of the order, and the acceptance of the fountain completed the contract and made the drug company liable for the price of the fountain as stipulated therein. *Harris* v. *Amoskeag Lumber Co.*, 97 *Ga.* 465 (25 S. E. 519) ; *Sheffield* v. *Whitfield*, 6 *Ga. App.* 765 (65 S. E. 807).

2. There was no error in refusing to allow the defendant to show by parol an agreement to take the old fountain as part payment. It is not contended that this proposition was made by the soda-fountain company, but it is claimed to have been made by its salesman. Not only was this an effort to vary the terms of the written contract, which expressly stipulated that the purchase-price was so much cash and the balance in deferred payments to be evidenced by notes, but it was also an effort to prove an agreement made with the agent of the soda-fountain company, at variance with the terms of that contract, wherein it was expressly stipulated that no agreement made by the agent except as stated in the written contract should be binding upon the soda-fountain company. Thus the contract put the drug company upon notice that the salesman did not have the right to bind the soda-fountain company by any promise in reference to the old fountain. But to show how groundless this defense is, the evidence does show that the salesman who made this promise had in fact complied with it and had sold the old fountain for the drug company according to his agreement.

3. The defense of partial failure of consideration was not proved, except to the extent of $25, which was allowed as a set-off in favor of the defendant. The witnesses introduced by the defendant for the purpose of supporting the plea of partial failure of consideration did state in general terms that there were certain defects in the installation of the fountain, but their testimony was not definite as to these defects, and they did not give any basis for a reduction of the purchase-price on account of these defects. A plea of failure of consideration must be sustained by evidence showing not only the failure of consideration, but the extent of the failure of consideration. The jury must have data presented by the evidence upon which to base a verdict sustaining a plea of this character. *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (54 S. E. 806).

4. There was no error in excluding testimony to the effect that plaintiff had agreed to furnish an "iceless" soda-fountain and that the one furnished was not of this character. The fountain to be furnished was specifically described in the written contract, and it does not appear that it was to be "iceless." The effect of this testimony would be to vary the terms of the contract.

We have carefully examined the numerous assignments of error contained in the amended motion for a new trial, and we fail to find any material error. The evidence demanded the verdict for the plaintiff as directed.          *Judgment affirmed.*