### 7808. PECK *v.* PRECISION MACHINE COMPANY.

JENKINS, J.   1.  Where an instrument does not express an absolute and
present guaranty, but its import is merely to carry an offer or pro-
posal of such a guaranty, the contract is not complete until the minds
of the parties have met by acceptance of the offer. *Sanders* v. *Etcher-
son*, 36 *Ga.* 405; 409; *Barnes Cycle Co.* v. *Schofield*, 111 *Ga.* 880 (36
S. E. 965). But where the undertaking of guaranty sued on recites
that it is made in accordance with the request of the party extending
the credit, and it amounts to an absolute promise to become responsible
in a stated sum, then the mere extension of the credit while the promise
is unrevoked is sufficient to render the contract complete and binding,
without further notification of acceptance to the guarantor. *Sheffield* v.
*Whitfield*, 6 *Ga. App.* 763 (65 S. E. 807); *Sheppard* v. *Daniel Miller
Co.*, 7 *Ga. App.* 760 (68 S. E. 451).

2.  If, by the terms of the contract of guaranty, the intent of the parties is
ascertained to be that the liability on the part of the guarantor is
conditioned upon the furnishing to him of information of acts of de-
fault by the party for whose benefit the guaranty is made, the guar-
antor may stand upon the precise terms of the condition to the obliga-
tion; and in a suit on such a contract the plaintiff must allege and
prove the performance of the condition which was prerequisite to his
cause. *Williams Valve Co.* v. *Amorous*, 19 *Ga. App.* 155 (91 S. E.
240). But in a suit against a guarantor, under the following terms
of agreement: "In accordance with your request I will guarantee the
account of W. H. Peck with your company to the amount of $1,000.00.
In case accounts are not settled promptly in thirty days, please notify
me of same.   Address 235 West Peachtree St., Atlanta, Ga.   Very
respectfully, [Signed] F. H. Peck," the court did not err in overruling
a ground of demurrer which set up that the petition failed to show
that the plaintiff had given to the defendant the notice mentioned in
the agreement.   In construing such a contract of guaranty, with refer-
ence to whether or not the notice referred to amounted to a condition

precedent to liability thereunder, the instrument is not to be construed most favorably either for or against the guarantor, but the terms and the language employed are to have a reasonable and ordinary interpretation, according to the intent of the parties as disclosed by the instrument read in the light of the circumstances and the purpose for which it was made. But if, after the application of such general rule governing the interpretation of contracts, there still remains an ambiguity, such doubt will be resolved by construing the instrument most strongly against the person who prepared it; and such a construction as would create a condition the breach of which would entirely relieve the guarantor, in the absence of such intention appearing in the contract, will not be favored. *Carson* v. *Hurst,* 137 *Ga.* 642 (74 S. E. 52, Ann. Cas. 1913A, 1086); *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977). In this case, as in the *Carson* case, supra, the most that can be said of the clause in the contract, when relied upon as a condition precedent to liability, is that it is ambiguous. In the *Williams Valve Co.* case, supra, there was no ambiguity, but on the contrary the liability was clearly expressed to be dependent upon the performance by the obligee of the condition imposed. Thus, in that case, the guarantor was entitled to stand upon the strict and precise terms of the plain condition' to the agreement.

3. The rulings above made cover all the contentions urged by the counsel for plaintiff in error in his brief; and the court did not err in overruling the defendant's demurrer to the petition.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JUNE 29, 1917.

Action on guaranty; from city court of Atlanta—Judge Reid. June 24, 1916.

*G. S. Peck,* for plaintiff in error. *Mayson & Johnson,* contra.