## WILSON et al. v. WARD.

The petition in this case was subject to the grounds of demurrer complaining that the petition was multifarious and did not allege grounds for ancillary equitable relief, and that the court .was without .jurisdiction as to certain of the defendants.

No. 1151.    September 2, 1919.

Equitable petition.    Before Judge Crum.    Crisp superior court. August 19, 1918.

In an equitable suit instituted in- Crisp County the petition as amended, considered in connection with certain exhibits, alleged the following in substance:    The Farmers State Bank, a corporation of Crisp county, being insolvent, was placed in the hands of a receiver on March 15, 1915.    By order of the court the receiver was directed, upon payment of 50 per cent. of the outstanding deposits of the bank and obtainment of the consent of all the depositors, to sell and convey unto the plaintiff all the personal property of every description belonging to the bank.    The conditions named in the order having been complied with, the receiver duly executed a transfer of the property, in pursuance of the order, on January 3, 1917; and the plaintiff thereby became transferee of the choses in action hereinafter mentioned, and as such transferee complains.    On separate designated dates shortly before the appointment of the receiver, J. A. Wilson, of Crisp county, executed two several promissory notes for stated amounts, payable respectively to W. D. Wilson & Brother Company (a firm composed of W. D. Wilson, J. A. Wilson, and Clyde Wilson) and the Farmers State Bank, upon which J. A. Wilson is now indebted to plaintiff as transferee.    On separate designated dates shortly before the appointment of a receiver, the firm of W. D. Wilson & Bro. Co., above mentioned, executed several promissory notes for stated amounts payable respectively to the Farmers State Bank, to W. D. Wilson, and to their own order, duly indorsed by them, upon which notes they are now indebted· to plaintiff.    On May 1, 1914, W. D. Wilson-Roberts Co., a firm composed of W. D. Wilson, J. A. Wilson, Clyde Wilson, and J. A. Roberts, executed a promissory note for a stated amount payable to the Farmers State Bank, upon which note the makers are now indebted to plaintiff as transferee.    On December 31, 1913, and March 4, 1914, respectively, R. L. Wilson, of Bibb county, executed two promissory notes for stated amounts .

payable respectively to the Farmers State Bank and to J. F. Cal-
houn, upon which notes the maker is now indebted to petitioner as
transferee.   At the dates of the execution of the several promissory
notes J. A. Wilson was the president of the Farmers State Bank.
In July next after the appointment of the receiver, and on a subse-
quent stated date, J. A. Wilson, being insolvent, executed two deeds
purporting to convey separate parcels of land to R. L. Wilson.   On
May 15, 1914, July 1, 1915, February 15, 1916, April 11, 1916,
R. L. Wilson, being at the time insolvent, executed separate deeds
purporting to convey described real estate to George Miller, to
Crisp Hardware Co. (of which J. A. Wilson was manager), to Mrs.
Sallie B. Wilson (wife of R. L. Wilson) of Bibb county, to Macon
Trust Co., of Bibb county, of which R. L. Wilson was president.
On April 23, 1916, Sallie B. Wilson executed a deed purporting
to convey to the Crisp Hardware Co. some of the lots included in
the above-mentioned deed from R. L. Wilson to herself.   W. D.
Wilson & Bro. Co., the Wilson-Roberts Co., and the several mem-
bers of each firm are insolvent.     The several conveyances above
mentioned were void on account of having been made without con-
sideration and as part of a conspiracy to enable R. L. Wilson and
J. A. Wilson to hinder, delay, and defraud creditors of each of
them.     On the subject of conspiracy it is specially alleged: "Said
conspiracy consisted in negotiating said evidences of indebtedness
with the said Farmers State Bank by common consent of all parties
interested in each of said obligations, and at the instance and
through manipulation of the said R. L. Wilson, and with knowledge
of each other, procuring thereon money and other thing of value
from said Farmers State Bank, without giving therefor any secu-
rity, and done with the fraudulent intent to resist and defeat the
payment of the same by hiding, conveying, and concealing the live
and available assets of the makers of said obligations, in the man-
ner herein described, and in the conveyances hereinbefore described;
and said conspiracy consisted further in so shifting the titles to
the properties herein described as to clear all of said property out
of the said J. A. Wilson and the said R. L. Wilson, and with fraud-
ulent intent to defeat the collection of their several obligations here-
inbefore described, and to hinder, delay, and defraud the creditors
of the said Farmers State Bank and this petitioner. The transfers
of property alleged to have been made were made subsequent to the

creation and during the existence of the indebtedness set forth, the notes and obligations set out, and which do not themselves antedate the transfers complained of, being, as petitioner is informed and believes, in renewal of indebtedness previously existing and obligations previously given to the said Farmers State Bank. The fraudulent character of said acts and transfers was well known to each and all of said defendants concerned therein, and the illegal purpose to defraud coexistent in the mind of all of said defendants. The defendants J. A. Wilson, R. L. Wilson, W. D. Wilson & Brother Company, W. D. Wilson, Clyde Wilson, J. A. Wilson, Crisp Hardware Company (of which J. A. Wilson, Mrs. J. A. Wilson, R. L. Wilson are practically the only stockholders), Macon Trust Company (of which R. L. Wilson is the controlling and owning stockholder), and Mrs. R. L. Wilson, wife of R. L. Wilson, otherwise known in said transfers [as] Sallie B. Wilson, are all related, not only in blood, but also by the closest affinity in all personal and business relations, and each and all were cognizant of and participating in the plans and actings of the other, and of one another, as complained of in said petition, and all of said acts were done in furtherance of the general scheme and conspiracy to defraud the said Farmers State Bank, its creditors and assigns, and the assigns of its creditors, and to save themselves harmless from the default and failure of the said Farmers State Bank; the said R. L. Wilson, defendant, was the real controlling and managing head of the said Farmers State Bank, de facto, if not de jure, and was not only cognizant of the affairs of said bank and the relations of the other defendants thereto, but was approving and directing all its actings and doings, the other officers of said bank being mere instruments of the said R. L. Wilson, pliant to do his bidding; and the making of the obligations herein set out, and the making of the transfers named, were done by said named defendants respectively, in furtherance of the grand scheme and conspiracy of all of said defendants, under the leadership of the said R. L. Wilson, fraudulently to appropriate the live and available assets of said bank to their own use and benefit, in fraud against the creditors of said bank, and their assigns, and to so conceal their own individual and available assets as to prevent the creditors of said Farmers State Bank, their assigns, and this petitioner from realizing value or any part thereof on said obligations."

The prayers of the petition were: (*a*) that process issue against the defendants, J. A. Wilson, George Miller, Crisp Hardware Company, R. L. Wilson, Sallie B. Wilson, W. D. Wilson & Brother Company, W. D. Wilson, J. A. Wilson and Clyde Wilson, Wilson Roberts Company, W. D. Wilson, J. A. Wilson, Clyde Wilson and J. H. Roberts, J. F. Calhoun, and the Macon Trust Company; (*b*) that petitioner "have judgment against each of the several obligors on account of the debts and obligations set out" in the petition; (*c*) that each of the conveyances described in the petition be cancelled; (*d*) that the several grantees named in the conveyances be restrained from conveying or encumbering the property described in the conveyances; (*e*) that the plaintiff have general relief.

A demurrer was filed by J. A. Wilson, on the ground that there was a misjoinder of causes of action. R. L. Wilson and his wife, Sallie B. Wilson, filed a joint demurrer on the grounds (*a*) that the petition failed to set out any cause of action; (*b*) that the petition is attempting to subject property alleged to have been fraudulently conveyed by some of his alleged debtors, without first obtaining judgment on his demands against such debtors; (*c*) from the petition it appears that the court has no jurisdiction of these defendants, it affirmatively appearing from the petition that they reside in a different county from that in which the suit was brought; (*e*) there is a misjoinder of causes of action and parties defendant. and the petition is multifarious. The Macon Trust Company filed a separate demurrer based on similar grounds to those made by the demurrer of R. L. Wilson and his wife. J. A. Wilson, George Miller, W. D. Wilson & Bro. Co., W. D. Wilson, Clyde Wilson, Wilson-Roberts Company, J. H. Roberts, and J. F. Calhoun filed a general demurrer on the grounds (*a*) that the petition set forth no cause of action; that the petition attempts to subject the property of J. A. Wilson and R. L. Wilson, alleged to have been fraudulently transferred, without having first obtained a judgment or lien of any sort upon the property; (*b*) that the petition is multifarious; and (*c*) that R. L. Wilson and his wife, the Crisp Hardware Co. and the Macon Trust Co. are improperly joined as parties defendant. A separate demurrer was filed by the Crisp Hardware Co., on the same grounds as set forth in the demurrer last mentioned. Separate orders were taken overruling each demurrer, and the defendants excepted.

*Dorris & Brown, Hardeman, Jones, Park & Johnston,* and *Harry S. Strozier,* for plaintiffs in error.

*M. M. Eakes* and *E. F. Strozier,* contra.

ATKINSON, J. The petition alleges separate causes of action against several of the defendants for money judgments, and seeks ancillary equitable relief (the cancellation of deeds and injunction to prevent transfer or incumbrance of property) against two of the debtor defendants and others. A conspiracy is alleged, in the course of which the debtor defendants are alleged to have fraudulently obtained money from the bank. The suit does not proceed against such defendants as joint wrong-doers, but the plaintiff as transferee of the bank sues on separate notes of such defendants which they executed separately to the bank for money obtained by them. By suing on the notes the plaintiff ratified the contracts out of which they arose, and the action was resolved into one upon contract rather than in tort based upon the conspiracy. In this respect the case differs from *Greer* v. *Andrew,* 133 *Ga.* 199 (65 S. E. 416), and citations, and similar cases unnecessary to mention. The contracts are separate and distinct from each other, and the defendants could not be joined in one action to recover the amount due on all of them. Civil Code, § 5515; *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33) ; *Ansley* v. *Davis,* 140 *Ga.* 615 (79 S. E. 454). In order to obtain the ancillary equitable relief the plaintiff must be a judgment creditor, as in *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97), and similar cases, or be entitled to obtain a judgment giving a lien upon the property in the same action. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052) ; *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173). Under the circumstances of this case there is no common right or interest in any question between all the parties to be settled, which would be ground for uniting the several claims in one action. Among other things, the petition seeks a money judgment against J. A. Wilson, a resident of the county, and ancillary equitable relief against persons claiming property under an alleged fraudulent transfer by him ; also a money judgment against R. L. Wilson, a non-resident of the county, and ancillary equitable relief against persons claiming under an alleged fraudulent transfer executed by him. As R. L. Wilson could not be joined with J. A. Wilson or the other resident defendants against whom money judgments were sought, the court would be without

jurisdiction to render a money judgment against him, or to grant the ancillary equitable relief of cancellation and injunction against him and those claiming by transfer under him. Upon such cause of action it would be necessary to sue them in Bibb county, where R. L. Wilson resides. *Fourth National Bank* v. *Mooly,* 143 *Ga.* 137 (84 S. E. 546) ; *Parker* v. *Parker,* 148 *Ga.* 196 (96 S. E. 211). From what has been said, it follows that the petition was multifarious on account of misjoinder of causes of action for money judgments; and being so, it did not allege a cause of action for any of the ancillary equitable relief, and the court was without jurisdiction of the non-resident defendants.

*Judgment reversed. All the Justices concur.*