13657.   GUGGENHEIMER & COMPANY *v.* GILMORE *et al.*

JENKINS, P. J.   1.   Although an instrument in the form of a guaranty does not indicate a meeting of the minds of the parties by virtue of any recital that it is made in accordance with the request of the party by whom the credit was to be extended, still, where the terms of the promise to pay are absolute, and notice of acceptance is expressly waived

by the writing, no notice of acceptance to the guarantors by the guarantee is required in order to render the instrument binding, but actual acceptance manifested merely by extending the credit authorized by such direct and unconditional promise is sufficient to render the instrument effective as a contract; and where neither the terms of the writing nor the circumstances surrounding its execution and delivery evince a contrary intention, upon the instrument being thus rendered effective as a binding contract, it remains so until revoked. *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14, 21 (33 S. E. 701); *Carson* v. *Hurst*, 137 *Ga.* 640 ('74 S. E. 52, Ann. Cas. 1913A, 1086); *Sheffield* v. *Whitfield*, 6 *Ga. App.* 762, 763 (65 S. E. 807); *Sheppard* v. *Daniel Miller Co.*, 7 *Ga. App.* 760 (68 S. E. 451); *Peck* v. *Precision Machine Co.*, 20 *Ga. App.* 429 (93 S. E. 106); 28 C. J. 908 (§ 34). Notice of acceptance is not, however, synonymous with such actual acceptance, nor is the latter dispensed with because the former may not be required. In contracts of guaranty, as in all other contracts, in order for the terms of the agreement to be effective, there must be an actual meeting of the minds of the parties upon the same thing and in the same sense. Thus, where an instrument in the form of a guaranty, which contemplates acceptance by a mere extension of the credit authorized, appears on its face to be purely voluntary, in that it indicates no meeting of the minds of the parties by any recital of a previous request or of any consideration from the person to be guaranteed, there can be no binding and continuing contract of guaranty unless and until it is given effect by being thus actually accepted within a reasonable time. In such a case a failure to accept may be evidenced by an actual refusal to extend the credit on the faith and under the terms of the written promise to indemnify. This rule is not in conflict with *Keiley* v. *Cleage*, 150 *Ga.* 215 (103 S. E. 167), in which case the contract had become effective and binding.

2. "Under the settled and fundamental policy of our law as embodied in section 4863 of the Civil Code of 1910, it is reversible error for the trial judge to express or to intimate his opinion as to what has or has not been proved; but the court may properly propound questions to a witness with a view to eliciting the truth of the case, especially where the purpose of such interrogation is to render definite the meaning of testimony otherwise vague, provided that in so doing no expression or impression is given of any opinion held by the judge as to what has been proved, or as to the credibility of the witness, or as to which party should, under the evidence, prevail." *Weeks* v. *Reliance Fertilizer Co.*, 20 *Ga. App.* 498 (93 S. E. 152).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided February 10, 1923.

Action on guaranty; from city court of Cairo — Judge Rigsby. February 27, 1922.

Guggenheimer & Company (a corporation) sued the defendants in error as guarantors, alleging a default by the principal debtor on account of goods furnished him on the faith of the guaranty sued on. This instrument, dated July, 1914, is in terms as follows: "Please furnish Gilmore-Maxwell Company, Cairo, Ga.,

goods to my credit, to be charged in his name, at such time and in such quantities as he may direct, provided you do not allow their indebtedness to you on account of this letter of credit to exceed at any one time the sum of seven hundred dollars. In consideration of your so furnishing goods, we hereby bind ourselves to pay all the indebtedness of the said Gilmore-Maxwell Company up to the maximum amount of seven hundred dollars above mentioned should the said Gilmore-Maxwell Company fail to pay same at maturity. We hereby waive the benefit of our homestead exemption as to any obligation that may arise hereunder. We also waive notice of acceptance of this guaranty and of default of principal, and agree that you shall have the right to use your own discretion as to the extending time of payment for, or otherwise indulging the said Gilmore-Maxwell Company, and you shall not be required to forcibly collect from them until specifically notified by us in writing to do so." The defendants by their answer denied that the terms of the instrument sued on had ever been accepted by the plaintiff, and denied liability thereon. On the trial they submitted evidence to show that the writing sued on was signed in July, 1914, and sent to the plaintiff contemporaneously with an order for goods from the principal debtor; that the plaintiff failed and refused to fill the order, and the defendants knew of the refusal; that the plaintiff subsequently, in the year 1915, again failed and refused to sell to the principal, and did not commence selling to it until July 9, 1917, and then sold to it without any notice to the defendants that it relied upon such previous unaccepted guaranty. The judge charged the jury that the material issues in the case were whether the contract of guaranty had been accepted, and, if so, whether it had been accepted within a reasonable time. The jury found in favor of the defendants. The plaintiff made a motion for a new trial, in which it was contended that the contract in question was complete and a continuing guaranty, which did not require acceptance, to render it binding; and that the judge in his charge erred in submitting to the jury, as an issue in the case, the question whether the contract had been accepted; that the evidence demanded a verdict for the plaintiff; and that the court, in propounding certain questions to the jury, erred in intimating an opinion as to certain facts. The motion was overruled, and the plaintiff excepted.

*Franklin & Langdale, Jeff. A. Pope,* for plaintiff.
*E. D. Rivers, S. P. Cain,* for defendant.