20277.   WARD *et al.* v. FIDELITY & DEPOSIT COMPANY.

810

DECIDED SEPTEMBER 8, 1930.

*George B. Culpepper Jr.,* for plaintiffs in error.
*Duncan & Nunn,* contra.

BELL, J. (After stating the foregoing facts.) As will be seen from the above statement, J. C. Ward was principal on a bond to certain carriers, including a named railroad company, and the plaintiff deposit company was surety. There arose a liability under the bond amounting to $1,500, which the deposit company was about to pay, and the defendants J. C. Ward and R. L. Marchman executed the note sued on for the purpose of covering their resulting indebtedness to that company. The defendants alleged that "in settlement of said bond the bond was to be canceled and returned to defendant J. C. Ward;" and "that plaintiff has never canceled said bond and returned the canceled bond, . . and has not carried out the conditions which were a part of the contract, has never accepted said note in settlement of the bond, and has failed to give defendants or either of them any consideration whatever for the execution of said note." As appears from the brief of counsel for the defendants (the plaintiffs in error), it is not contended that the plaintiff company did not pay the $1,500, as indicated in the instrument attached to the answer as Exhibit A, but the sole complaint is that the plaintiff did not accept the note in settlement of the bond and had not canceled and returned the bond in accordance with the conditions upon which the note was executed. There is no merit in this contention. It appears from Exhibit A that the note was tendered, and intended to be accepted, "in full, final, and complete settlement" of the liability of the defendants, or either of them, under or by reason of the bond, "the said bonding company [the plaintiff] agreeing to settle with said railroad its liability under the bond."

The plaintiff did accept the note, because it has brought the present suit thereon (*Pape* v. *Woolford Realty Co.*, 35 *Ga. App.* 284 (2), 134 S. E. 174); and having made such acceptance, the plaintiff is bound by the conditions of the tender. *Perry* v. *Paschal*, 103 *Ga.* 134, 137 (29 S. E. 703); *Wilson* v. *Ward*, 149 *Ga.* 325, 329 (100 S. E. 205). So far as appears, the plaintiff did not attempt to vary these conditions, but accepted the note in extinguishment of the defendant's liability under the bond, in accordance with the writing which accompanied the note into the plaintiff's hands. If a proposal includes qualifying conditions, an acceptance by the opposite party is assent to such conditions, and implies that the acceptance was in all things according to the terms of the offer. *Bailey Co.* v. *West Lumber Co.*, 1 *Ga. App.* 398 (4) (58 S. E. 120); *Citizens Bank of Tifton* v. *Willis*, 15 *Ga. App.* 772 (84 S. E. 157); *Aspironal Laboratories* v. *Rosenblatt*, 34 *Ga. App.* 255 (3) (129 S. E. 140). The plaintiff, though not signing the paper set forth as Exhibit A, became bound thereby upon accepting it with the note, and by suing upon the latter instrument. *Lowenherz* v. *Weil*, 33 *Ga. App.* 760, 768 (127 S. E. 883). There were no conditions requiring the plaintiff to notify the defendants of its acceptance of, or intention to accept, the note upon the terms proposed (*Sheffield* v. *Whitfield*, 6 *Ga. App.* 762 (2), 65 S. E. 807), and it does not appear that there was any withdrawal of the offer before the assent or acceptance of the plaintiff. "Although a continuing offer may be withdrawn before acceptance, if it is accepted before it is withdrawn or terminates, a contract results." *Prior* v. *Hillon & Dodge Lumber Co.*, 141 *Ga.* 117 (1 a) (80 S. E. 559). It thus appears that the allegation, that the plaintiff has never accepted the note in settlement of the bond, and has failed to give the defendants, or either of them any consideration whatever for the execution of the note, is a mere conclusion which is unsupported by the pleaded facts; and the averment that the bond was to be canceled and returned to the defendant Ward is absolutely contradicted by the terms of Exhibit A, which is a copy of the only authentic document in regard to the conditions upon which the note was executed, there being nothing in that instrument which would require the plaintiff physically to cancel and surrender the bond. As was said by counsel for the defendant in error: "Acceptance was a settlement of the bond. The bond having been settled, it became func-

tus officio. The failure to cancel and mail it back would not constitute failure of consideration."

The statement in the letter (see Exhibit B) from the defendants' attorney to the attorney for the plaintiff, "I will thank you to have the bond canceled and send to me for delivery to Mr. Ward," does not affect the case. The terms upon which the note was to be accepted were stated by the defendants, over their signatures, in the document copied above as Exhibit A, and there was nothing to indicate that their attorney had any authority to add to or take from the conditions therein expressed. Moreover, the language quoted did not purport to do so, but was merely in the nature of a request. The allegation that the plaintiff delayed accepting the note until certain claims of the defendants against the railroad company were barred by the statute of limitations, to the injury and damage of the defendants "in a considerable sum," is insufficient as the statement of a defense. In the first place, there could be no recoupment, because the amount of the alleged damage is not shown. Moreover, so far as appears, the defendants were not hindered in their right to proceed against the railroad company upon such claims, pending acceptance of the note by the plaintiff.

We conclude that the answer failed to set forth any valid defense and that the case was properly disposed of in the trial court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*