*J. B. G. Logan,* for plaintiff in error.
*Frank Simpson, solicitor-general, E. J. Clower,* contra.

## 26193.   WATSON *v.* ATLANTA JOINT STOCK LAND BANK.

DECIDED JUNE 17, 1937.

*A. M. Anderson, O. C. Hancock,* for plaintiff in error.
*C. L. Shepard,* contra.

BROYLES, C. J.   The Atlanta Joint Stock Land Bank brought suit against Hubert Watson, alleging that the defendant is indebted to the plaintiff on a note which is attached to and made a part of the petition; that ten days before filing suit the defendant was served with notice of the intention to bring suit and to claim attorney's fees (the note calling for ten per cent. attorney's fees); and that defendant fails and refuses to pay the indebtedness.   The note shows that it was given for the rental of farm lands for the

year 1933, and embodied therein is the following: "This note is taken subject to bank's approval." The defendant demurred generally and specially to the petition, "on the ground that the note sued on was given by defendant to plaintiff, subject to the approval of the bank, same being the plaintiff in this cause; that the petition fails to show the bank's acceptance of said note and lease in line with the proposal therein set forth." The judge overruled the demurrer, and on this ruling the defendant assigns error.

The petition as a whole (including copy of the note which is made a part of the petition) shows that the bank approved and accepted the note. The facts that the bank retained the note, brought suit on it, alleged that the defendant was "indebted" on the note, that notice of attorney's fees had been given, and that defendant refused to pay the "indebtedness," show that the bank approved and accepted the note. The note did not provide that the bank should give the defendant *notice* of its acceptance. The note is an unconditional contract in writing, and the suit contemplates that the defendant got the use of the farm lands for the year 1933, gave this note as rental therefor, and has not paid the note. If the consideration for the note has failed, the defendant will have full opportunity to prove this or any other legal defense. "An offer which contemplates acceptance by the doing of an act can be accepted only by doing it within the life of the offer. If the act be performed while the offer is unrevoked, a binding contract is created, and the person making the offer must abide by its terms. It is unnecessary for the offeree to *notify* the offerer of his intention to accept the offer, unless the *notice* is called for by the offer." (Italics ours.) *Sheffield* v. *Whitfield,* 6 *Ga. App.* 762 (2) (65 S. E. 807). See also *Spence Drug Co.* v. *American Soda Fountain Co.,* 11 *Ga. App.* 473, 476 (75 S. E. 817). In *Ward* v. *Fidelity & Deposit Co.,* 41 *Ga. App.* 809, 814 (154 S. E. 711), the court said: "The plaintiff did accept the note, because it has brought the present suit thereon (*Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 284 (2), 134 S. E. 174); and having made such acceptance, the plaintiff is bound by the conditions of the tender. *Perry* v. *Paschal,* 103 *Ga.* 134, 137 (29 S. E. 703); *Wilson* v. *Ward,* 149 *Ga.* 325, 329 (100 S. E. 205). . . If a proposal includes qualifying conditions, an acceptance by the opposite party is assent to such conditions, and implies that the acceptance was in all things ac-

cording to the terms of the offer. *Bailey Co.* v. *West Lumber Co.,* 1 *Ga. App.* 398 (4) (58 S. E. 120); *Citizens Bank of Tifton* v. *Willis,* 15 *Ga. App.* 772 (84 S. E. 157); *Aspironal Laboratories* v. *Rosenblatt,* 34 *Ga. App.* 255 (3) (129 S. E. 140). . . There were no conditions requiring the plaintiff to *notify* the defendants of its acceptance of, or intention to accept, the note upon the terms proposed (*Sheffield* v. *Whitfield,* 6 *Ga. App.* 762 (2), 65 S. E. 807), and it does not appear that there was any withdrawal of the offer before the assent or acceptance of the plaintiff. 'Although a continuing offer may be withdrawn before acceptance, if it is accepted before it is withdrawn or terminates, a contract results.' *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (1 a) (80 S. E. 559)." (Italics ours.) The cases cited by counsel for the plaintiff in error are not applicable to the facts of this case. The court did not err in overruling the demurrer to the petition.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*