26673. WATSON v. ATLANTA JOINT STOCK LAND BANK.

DECIDED FEBRUARY 5, 1938. REHEARING DENIED MARCH 5, 1938.

*A. M. Anderson, O. C. Hancock,* for plaintiff in error.
*C. L. Shepard,* contra.

SUTTON, J. The Atlanta Joint Stock Land Bank of Atlanta brought suit against Hubert Watson on a note for the principal

sum of $350, dated March 10, 1933, which states that it was given for the rental of a 247-acre tract of land in Houston County, Georgia, for the year 1933, and it also contains this statement: "This note is taken subject to bank's approval." The defendant demurred to the petition "on the ground that the note sued on was given by defendant to plaintiff, subject to the approval of the bank, same being the plaintiff in this cause; that the petition fails to show the bank's acceptance of said note and lease in line with the proposal therein set forth." The trial judge overruled the demurrer. The defendant excepted and brought the case to this court where it was held, *Watson* v. *Atlanta Joint Stock Land Bank,* 56 *Ga. App.* 10 (192 S. E. 72) : "The facts that the bank retained the note, brought suit on it, alleged that the defendant was 'indebted' on the note, that notice of attorney's fees had been given, and that defendant refused to pay the 'indebtedness,' show that the bank approved and accepted the note. The note did not provide that the bank should give the defendant *notice* of its acceptance. The note is an unconditional contract in writing, and the suit contemplates that the defendant got the use of the farm lands for the year 1933, gave this note as rental therefor, and has not paid the note. If the consideration for the note has failed, the defendant will have full opportunity to prove this or any other legal defense. 'An offer which contemplates acceptance by the doing of an act can be accepted only by doing it within the life of the offer. If the act be performed while the offer is unrevoked, a binding contract is created, and the person making the offer must abide by its terms. It is unnecessary for the offeree to *notify* the offerer of his intention to accept the offer, unless the *notice* is called for by the offer.' [Citing cases.]" (Italics ours.)

On the second trial the defendant admitted a prima facie case and assumed the burden of showing that the bank did not accept the note. At the conclusion of the evidence the court directed a verdict for the plaintiff, and the exception here is to the overruling of the defendant's motion for new trial. The plaintiff in error contends that the court erred in directing a verdict for the plaintiff, and says that a verdict was demanded for the defendant. This contention is based on the theory that the note sued on was not accepted by the plaintiff. The evidence shows that the plaintiff in error, on November 7, 1932, entered into a contract with the plain-

tiff, whereby he agreed to purchase the 247-acre tract of land in Houston county at the price of $5500; that he entered into possession of the property under this contract but failed to meet the terms of the contract. On March 10, 1933, he rented the same 247-acre farm for the year 1933 from the plaintiff bank, through its agent, W. M. Jordan, and on that date executed the $350 rent note sued on; that he remained in possession of this property during 1933, cultivated 20 or 25 acres of the land, and got all the crops and fruit that were made on the place that year, without giving the plaintiff any part thereof or paying anything therefor. On September 4, 1933, plaintiff in error submitted to the plaintiff bank an offer to buy 2.23 acres of the 247-acre tract. This offer was accepted by the bank on September 15, 1933, at which time it also notified the defendant that he would not be held liable under the contract of purchase for the entire 247-acre tract, and that it accepted the rent note for $350. Then, on September 26, 1933, the bank made a deed to the defendant Watson for the 2.23 acres and he executed a security deed therefor back to the bank to secure a note for the balance of the purchase-money for the 2.23-acre tract.

We think the plaintiff in error's contention that the note sued on was not accepted by the bank is without merit. When the case was here before, the court held that the note did not provide that the plaintiff should give the defendant notice of its acceptance, and that when the bank retained the note and brought suit on it this showed an acceptance of the note by the bank in so far as the pleadings in the case were concerned. This ruling fixed the law of the case in this respect. The facts as disclosed by the evidence do not make a different case. It is true that the plaintiff in error testified that the bank did not accept the note, but this statement was purely a conclusion on his part. All of the facts show that it did. Therefore the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*