WILLIAM G. SIMS, plaintiff in error, *vs.* SHADRACK T. CRAWFORD, executor, defendant in error.

An executor exposed lands of testator to sale; a bidder purchased the same and gave his notes therefor, secured by mortgage on the land. Suit was brought on the notes. Defendant pleaded that by a parol agreement made before the sale, one-half the notes were not to be paid at maturity, but payment was to be delayed till certain children arrived at age, which had not happened; that he had paid part of the purchase money, and when he paid it this understanding was renewed by the executor; that they did not put this agreement in the writing because both parties thought it would be good without doing so, the notes being written as intended, and he prayed that his money be refunded and the executor take back the land. The plea was demurred to and stricken:

*Held*, that there is no equity in this plea, and that it was properly stricken: Code, sections 2757, 3800.

Pleadings. Vendor and purchaser. Contracts. Before Judge CLARK. Schley Superior Court. October Term, 1875.

Reported in the opinion.

HAWKINS & HAWKINS, for plaintiff in error.

JOHN R. WORRILL; B. B. HINTON; GUERRY & SON, for defendant.

JACKSON, Judge.

At the October term of Schley superior court, Crawford, executor of William Ross, brought suit against Sims on two promissory notes for $1,736 66 each, secured by mortgage on the lands for which they were given.  To this action Sims, among other things, pleaded an alleged equitable plea to this effect:  That the lands were sold in 1870, at public outcry, by Crawford, as executor, and bid off by defendant; that before the sale, Crawford agreed with him to let him have the lands for $5,200 00, with this understanding, that the proceeds were to go to Crawford's wife and Ross' children, half and half; that if defendant would bid off the land at that price and pay him the amount due to the Ross children, the other half should remain unpaid till certain Lawson children were twenty-one years old, to whom Mrs. Crawford intended to give her half; that these children are still minors; that this agreement was left out of the writings because they all thought it would be carried out; that he paid at one time one-third and then $500 00, which Crawford received and repeated the same assurances.; and then the plea prays for a rescission of the contract, and that Crawford take the land back and pay defendant back the money he had received. ·

This plea was demurred to as having no equity in it; it was stricken, and this is the error assigned.  We agree that there is no equity in the plea.  It is a naked effort to change a written contract by parol evidence to contradict the written trade, and this without any allegation of fraud or mistake in writing what was intended to be written.  It has been ruled again and again that this cannot be done:  Code, sections 3800, 2757; 36 *Georgia Reports,* 454.

Judgment affirmed.