### 10533. NATIONAL SURETY COMPANY v. CITY OF ATLANTA.

1. An instrument in writing purporting to be a bilateral contract, as set out in the first count of the petition, wherein only one of the parties promises to perform, there being no obligation on the part of the other party, lacks mutuality and is a nudum pactum.

2. The promise, however, may be regarded as an offer to contract, and when accepted before withdrawal, as set out in the second count of the petition, it becomes a binding contract, and a failure afterwards to perform the promise is a breach of the contract.

3. Where at the time of the execution of such an instrument a bond referring to it as a "contract" and guaranteeing performance of the promise of the first party is executed, and at a subsequent time the offer of the promisor is accepted by the other party, the bond should be construed as guaranteeing the performance of the contract completed by such acceptance, and a subsequent failure to perform would constitute a breach of the bond.

4. In a suit by a municipal corporation to recover for a breach of a bond guaranteeing the performance by a third party of a contract with the municipality, it is not necessary for the petition to allege a compliance by the city with the constitutional provision governing the creation of an indebtedness by counties and municipalities, contained in article 7, section 7, paragraph 1, of the constitution of Georgia.

5. The present case being an action against the surety on such a bond, and it appearing that a cause of action was set out in the second count of the petition, the court did not err in overruling the demurrer.

DECIDED FEBRUARY 7, 1920. ADHERED TO ON REHEARING, FEBRUARY 23, 1920.

(Certiorari was granted by the Supreme Court.)

Action on bond; from city court of Atlanta—Judge Reid. March 29, 1919.

The City of Atlanta brought suit against the National Surety Company, alleging a breach by the defendant of a bond guaranteeing to the plaintiff the performance of certain obligations assumed by the Tennessee & Southeastern Coal Company under an alleged contract between the coal company and the City of Atlanta, whereby the coal company promised to furnish and deliver coal to the city in certain carload quantities at certain intervals during a

period of 12 months. The alleged contract provided that the coal company would furnish the coal upon orders of a designated officer of the city, and contained a provision as follows: "After a verbal or written notice to suspend deliveries under this contract, a further notice may be served in writing to suspend deliveries of coal, and the city will be at liberty to refuse to accept any coal delivered after forty-eight hours from date of such written notice." The petition set out the bond and the alleged contract between the coal company and the city, executed by both parties, and alleged a failure the defendant breached the bond sued on, to the damage and undertakings there contained, and that by reason of such failure, the defendant breached the bond sued on, to the damage of the plaintiff. The petition contained two counts. The first count alleged the existence of a contract between the coal company and the City of Atlanta by the terms of which the coal company was obligated to furnish coal to the city as above stated, and alleged a breach of the same by reason of failure of the coal company to perform the contract, to the damage of the city, thereby constituting a breach of the bond. The second count alleged written communications from the city to the coal company from time to time throughout the year, ordering coal in piecmeal lots, in accordance with the promises and obligations of the coal company as contained in the alleged contract, and also the refusal and failure of the coal company to furnish coal in compliance with such orders, to the damage of the city, thereby constituting a breach of the bond. The defendant demurred to the petition, upon the ground that the alleged contract attached thereto was void for want of consideration, that it was lacking in mutuality and fixed no binding obligation upon the city, and, there being no contract to be performed, there appeared no breach of the bond, which had been given to secure the performance of a contract which did not exist. and that the petition failed generally to set out a cause of action. The court overruled the demurrer, and the defendant excepted.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.

STEPHENS, J. (After stating the foregoing facts.)

Was there a contract between the parties as set out in either count of the petition? If there was no contract, there was no breach of the bond given to guarantee the performance of the contract.

1. The alleged contract which was attached to the petition contained promises and obligations on the part of the coal company, but did not contain any executed consideration or promise or undertaking on the part of the city. It purported to be a bilateral contract, i. e. a contract executory on both sides. The city not being obligated to the performance of any promise, and there being no mutual promises as a consideration for each other, the alleged contract is lacking in mutuality and therefore void. After reciting that the City of Atlanta had accepted a bid of the coal company to furnish coal to the city, which bid was attached to the instrument as an exhibit, and contained promises by the coal company only and the terms upon which the coal company would for a period of one year furnish coal to the City of Atlanta, the instrument provided: "that for and in consideration of the premises and the acceptance of the bid of said contractor by said city, as above set out, and in consideration of the promise on the part of the said city to pay said contractor the sum of $2.50 per ton, said Tennessee & Southeastern Coal Company, contractor aforesaid, hereby agrees as follows." There is then set out the promises of the Tennessee & Southeastern Coal Company and the terms and conditions under which it will furnish coal to the City of Atlanta, subject to certain directions as to quantities and times of delivery by the city. Nowhere therein does the city obligate itself to take the coal or any part thereof. The past acceptance of the bid by the city, and the promise on the part of the city to pay for the coal at so much per ton, recited as a consideration for the promise of the coal company, cannot be regarded as a consideration. A past consideration or existing contractual obligation between the parties generally does not support a promise. The stipulation that the city agrees to pay so much per ton for the coal which it orders does not obligate the city to take any coal or to pay for any coal except that which it does order. The city not being bound to order or accept any coal, both parties were not bound, and there was no contract as set out in the first count of the petition.

2. The promises and undertakings of the coal company must therefore be considered as amounting only to an offer by the coal company to contract with the city, which promises and undertakings would become binding as a contract between the parties only upon acceptance by the city. There being, as a part and con-

dition of the offer, a provision allowing the city to suspend deliveries of coal, the action of the city in ordering coal under the terms of the offer in installments from time to time, without at once in the beginning obligating itself to make further orders, amounted to an acceptance of the offer of the coal company, which action by the city created a binding contract with the coal company respecting the coal actually ordered by the city. The right of the city to suspend deliveries of coal did not apply to any order for coal made by the city when delivered by the coal company before the expiration of 48 hours from the date of notice by the city to the coal company to suspend deliveries. The city therefore became bound for all coal which it actually ordered under the terms of the offer, and could not relieve itself of such obligation by any notice to the coal company to suspend the delivery of the coal so ordered unless the coal company delayed the delivery until after 48 hours from the date of notice to it by the city to suspend the delivery. Both parties therefore became bound as respects orders actually made by the city, the coal company being bound to make, and the city being bound to accept, deliveries. There was therefore a contract as set out in the second count of the petition, and it follows that the failure of the coal company to make deliveries of coal actually ordered by the city constituted a breach of this contract, for which the coal company was liable to the city in damages.

3. Properly construed, the bond executed by the coal company with the defendant, the National Surety Company, as surety, guaranteeing to the city the faithful performance of the so-called "contract" by the coal company, also guaranteed the performance of whatever contract arose out of the instrument executed between the coal company and the city. This is true whether such contract arose immediately upon the instant of the execution of the instrument by both parties, or upon an acceptance afterwards by the city of the promises and undertakings of the coal company, considered as an offer. There was no necessity for any notice to the guarantor of acceptance by the city of the offer of the coal company, or of the failure of the coal company to perform. See *Peck* v. *Precision Machine Co.*, 20 *Ga. App.* 429 (93 S. E. 106) ; *Sheffield* v. *Whitfield*, 6 *Ga. App.* 762 (65 S. E. 807) ; *Sanders* v. *Etcherson*, 36 *Ga.* 405, 409.

4. This being a suit by a municipal corporation to recover for

the breach of a bond guaranteeing the performance by a third party of a contract with the municipality, and not being a suit against a county or municipal corporation to recover for an indebtedness due by a county or municipal corporation, it is not necessary for the petition to allege a compliance by the city with the constitutional provisions governing the creation of an indebtedness by counties and municipalities, contained in article 7, section 7, paragraph 1 of the constitution of Georgia (Civil Code (1910), § 6563).

5. A cause of action for a breach of the bond was set out in the second count of the petition. The trial judge therefore properly overruled defendant's demurrer.

*Judgment affirmed. Smith, J., concurs. Jenkins, P. J., concurs in the judgment.*