*Jule Felton, R. L. Greer,* contra.

---

### 12817. CITY OF ATLANTA *v.* BOYD.

Where suit was brought for the price of coal delivered under an executory written contract which the Supreme Court held to be lacking in mutuality and not binding, and the plaintiff alleged that " the said contract, as appears upon the face thereof, is unilateral, lacking in mutuality, and, in so far as the same remains or remained executory, is unenforceable, but the said contract is nevertheless binding to this extent, and to this extent alone, namely, it furnishes the basis for settling and paying for the coal actually delivered and actually received by the defendant un-

der said contract," the fact that the plaintiff was suing for prices named in the contract would not authorize the defendant, under any principle of estoppel, to set off damages for unfulfilled deliveries.

(a) The only exception being to the striking of the plea of set-off, the question whether the plaintiff was precluded from recovering on the basis of prices fixed in the alleged unilateral contract is not presented. The defendant's allegations as to an oral agreement to furnish coal "at and for the price afterwards set out in said written contract," even if taken out of the statute of frauds by the alleged part performance, would not support a set-off for non-delivery, since the signed writing must be held to have integrated the oral negotiations; and besides, it is not alleged that the provision which, under the Supreme Court's ruling, rendered the writing nugatory was not a part of the oral agreement.

DECIDED SEPTEMBER 23, 1922.

Complaint; from city court of Atlanta — Judge Reid. July 5, 1921.

*J. L. Mayson, J. M. Wood,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

JENKINS, P. J. The Supreme Court, in construing the identical contract involved in this case, held: "Where, in response to an advertisement by a municipality for bids for the furnishing and delivery of coal for a period of 12 months, a bid is made to furnish a specified number of tons, and a contract is afterwards entered into for the delivery of so many tons per month at a given price and at a stated place, but it is expressly stipulated in the contract that the purchaser shall be at liberty at any time by a written notice to order a suspension of deliveries of the coal and to refuse to accept further deliveries, the element of mutuality is wanting in the contract. Orders subsequently given by the purchaser for deliveries of a portion of the quantity included in the bid will not render the contract binding upon the bidder, even for the delivery of the portion thus ordered. This is not an acceptance of the bid as made." *National Surety Co.* v. *City of Atlanta,* 151 *Ga.* 123 (106 S. E. 179); 24 *Ga. App.* 732 (102 S. E. 175). After the rendition of this decision in the suit of the municipality against the surety upon the bidder's bond, on account of damage sustained from his failure to make future deliveries under the alleged contract, the bidder himself brought the instant suit against the municipality, in two counts, for the purchase-price of such coal as the bidder had actually delivered and the city had received and used under the alleged contract.

The first count alleges: "that the said contract, as appears upon the face thereof, is unilateral, lacking in mutuality, and in so far as the same remains or remained executory, is unenforceable, but the said contract is nevertheless binding to this extent and to this extent alone, namely, it furnishes the basis for settling and paying for the coal actually delivered and actually received by the defendant under said contract." The second count sues for the price of the same coal, but for a larger sum, as representing the market price upon an alleged "open account." The defendant municipality, by a plea of set-off, claims damages largely in excess of the amounts sued for, and representing the difference between the price fixed by the alleged contract and the amount which the city had to pay in the open market for coal bought because of the plaintiff's failure to make deliveries; and alleges that the plaintiff "is estopped from asserting that said contract is unilateral or not binding, for the reason that he alleges it, stands upon it, and brings suit upon it," and that the defendant therefore has the right to base its claim of set-off upon it. Defendant further alleges, that, "Aside from said written contract," plaintiff orally made to defendant the terms embodied therein, and that "the city accepted said proposition and agreed to accept the coal as offered and at the price stated and at the time of said oral offer." The court on demurrer struck this plea. The jury found for the plaintiff the amount claimed under the first count, and judgment was rendered thereon. The defendant assigns error solely upon the ground that the striking of its plea rendered erroneous the final verdict and judgment.

1. By the express language of the first count, the plaintiff neither sued upon nor relied upon any executory provisions or obligations of the invalid written instrument, but, on the contrary, expressly alleged that the same were "unilateral, lacking in mutuality," and "unenforceable." The Supreme Court held, as to this particular contract, that "the mere ordering or delivery of a part of the coal from time to time was not an acceptance of the bid of the contractor." The mere fact that, in suing for the purchase-price of executed deliveries made to the defendant, he claimed prices per ton in accordance with the amount stated in such instrument would not, when taken with the additional language quoted from the petition, authorize the defendant, under

and principle of estoppel, to set off damages for unfulfilled deliveries.

(*a*) Assuming (but not deciding) that the measure of damages is incorrectly laid (see *McCaw Mfg. Co.* v. *Felder,* 115 *Ga.* 408, 41 S. E. 664), no exception is taken upon such ground. The only exceptions are based upon those taken pendente lite to the striking of the plea of set off, and first count is not attacked or questioned by demurrer or plea of res adjudicata, nor was there any motion for a new trial. No question, therefore, is involved as to whether plaintiff was precluded from recovering upon the basis of prices fixed in the writing as to the executed portion of the alleged " unilateral contract."

2. The allegations by the defendant as to an oral agreement to furnish coal " at and for the price afterwards set out in said written contract," even if taken out of the statute of frauds by the alleged part performance, cannot avail so as to authorize the plea of set-off; since the signed writing itself must be held to have integrated the oral negotiations; and besides it is in no wise alleged that the fatal provision in the writing, which under the Supreme Court's ruling, rendered it nugatory, was absent from the oral agreement, or was in any wise modified thereby.

3. The court therefore did not err in striking the plea of set-off.

*Judgment affirmed. Bell, J., concurs. Stephens, J., concurs only in the judgment.*