36196. BLOUNT, Coexecutrix, *v.* FREEMAN *et al.*

DECIDED JUNE 26, 1956.

*O. J. Tolnas,* for plaintiff in error.

*Dorsey Davis, Fred A. Gillen,* contra.

QUILLIAN, J.   The plaintiffs insist that the action was not predicated upon the written contract which was introduced in evidence, but was based upon an oral agreement between the parties to sell the property which was made prior to the execution of the written contract.   Parol negotiations and stipulations preceding the mak-

ing of a written contract are merged in the written contract. *Logan* v. *Bond*, 13 *Ga.* 192 (3) ; *Freeman* v. *Bass*, 34 *Ga.* 355 (4) ; *Sims* v. *Crawford*, 56 *Ga.* 31. The written contract governs the rights, obligations and remedies of the parties. In the present case R. S. Freeman testified that the oral agreement was merged into the written contract. The contract provided for payment "on the date formal transfer is made." In *Kiser Real Estate Co.* v. *Shippen &c. Co.*, 34 *Ga. App.* 308 (1) (129 S. E. 294) appears a pronouncement of principles applicable to this case: "But where by the terms of the contract of listment it is expressly agreed that the broker's right to commission is conditioned upon an actual transfer of the property, the contract providing that he shall be paid 'on the date formal transfer is made,' such a provision is binding, and the broker is not entitled to his commission until the sale is actually effected, unless it be shown that he has fully complied with his undertaking by producing a purchaser ready, willing, and able to buy, and who actually offers to buy on the agreed terms, and that the sale fails of consummation only because the owner in bad faith fails and refused to effectuate the same. See *Rowland & Rowland* v. *Kraft*, 31 *Ga. App.* 593, 595 (121 S. E. 526) ; *Nutting & Co.* v. *Kennedy*, 16 *Ga. App.* 569 (85 S. E. 767). In other words, it is possible for the owner and the broker to so contract as to change the general rule, and by their special agreement to provide that commission shall not be earned unless or until the sale becomes actually effectuated. In such a case, where the offer of the purchaser does not absolutely obligate him to buy, but limits the proposal to his approval of title, and where the sale fails to become effected on account of defective title, and not on account of the owner's refusal to sell, the owner, under such special contract of listment, does not become liable for commission."

The oral agreement having been incorporated into the written contract, the evidence demanded a verdict for the defendant. The trial judge erred in denying the motion for new trial.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*