## 55913. GREEN v. FORD MOTOR CREDIT COMPANY.

WEBB, Judge.

Robert Green completed an application statement to the appellee credit company on June 18, 1976, to finance the purchase of an automobile. Three days later he returned to the automobile dealer and executed a standard Georgia Retail Installment Contract and accepted delivery of the vehicle. Green began making installment payments to the credit company on August 4 and on the fourth day of each month thereafter until January of 1977, when he executed an extension agreement changing the installment due date to the fifteenth of each month. The extension agreement incorporated by reference all of the terms and provisions of the original retail installment contract. Green continued to make payments on January 15 and February 15, made a partial payment due on March 15, and failed to make any payments for April, May and June. The credit company filed a petition for a writ of possession, and after discovery both parties filed motions for summary judgment. Green appeals from the grant of the credit

company's motion and the denial of his own. We affirm.

1. Green complains that he never read the contract before signing it nor at any subsequent time, and that no agreement was ever reached as to its provisions.

The contract executed by Green as it appears in the record has no blank spaces and is signed under the provision "Notice to Buyer" in compliance with the requirements of the Motor Vehicle Sales Finance Act, Code Ann. § 96-1003. " 'Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it. [Cits.]' *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164)." *American Security Van Lines v. Amoco Oil Co.,* 133 Ga. App. 368, 369 (210 SE2d 832) (1974).

It is also well settled that "Parol negotiations and stipulations preceding the making of a written contract are merged in the written contract," *Blount v. Freeman,* 94 Ga. App. 110, 111-112 (93 SE2d 820) (1956) and cits., and parol evidence is inadmissible to vary the terms of a written contract or to contradict terms of a written contract which is valid on its face. *Smith v. Standard Oil Co.,* 227 Ga. 268 (180 SE2d 691) (1971). Having executed the contract and performed under it for eight months, including the execution of an extension agreement reaffirming the original contract, Green is now estopped to repudiate its written terms.

2. Because he was required to pay an extension fee of $23.21, Green contends that the finance charges exceeded the permissible limits under the Georgia Motor Vehicle Sales Finance Act (Code Ann. § 96-1004 (a)). Not only was this fee calculated in accordance with the Act (Code Ann. § 96-1006), an alleged violation of the Act by a seller is not a

defense which a purchaser can use for failure to pay under the contract, but is an affirmative action afforded to the buyer by way of a complaint against the seller, set-off or counterclaim. Code Ann. § 96-1008 (c). No such counterclaim or setoff was pled here.

3. Arguments that affidavits of the credit company are not based on personal knowledge of the affiants are not supported by the record. There being no genuine issue of fact that a valid and enforceable contract was entered into between the parties, Green's motion for summary judgment was properly denied and summary judgment was correctly granted for the credit company against Green for a writ of possession and deficiency judgment.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JULY 3, 1978.

*Marvin T. Morrow,* for appellant.
*Martin, Snow, Grant & Napier, Edward J. Harrell, R. Napier Murphy,* for appellee.