64113. SATELLITE SYNDICATED SYSTEMS, INC. v. HENDERSON et al.

DEEN, Presiding Judge.

The plaintiff appellant filed an action on account for amounts allegedly owing it under a contract to sell specified video time. The suit was brought against Henderson-Crowe Productions, Inc. and against Charles Henderson and Jerry Crowe individually. The individual defendants moved for and obtained summary judgment

and plaintiff appeals.

The only question here is whether Henderson and Crowe violated the provisions of Code § 22-204 by an unauthorized assumption of corporate powers. That statute reads: "All persons who assume to act as a corporation before the Secretary of State has issued the certificate of incorporation to the incorporator or incorporators or his or their attorney shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."

Plaintiff contends that the breach of contract and failure to pay for video time used resulted in damages to it arising as a result of the individual defendants' acts in entering into the video time contract prior to incorporation. The time frame appears to be: Plaintiff first, in September 1979, discussed the transaction with the individual defendants who called themselves partners but stated their intention of forming a corporation. In a letter dated September 14, 1979, from plaintiff to appellees there appears a contract form leaving the name of the supplier (defendants) blank and naming plaintiff as distributor, the first program to be run beginning November 1, 1979. This form was filled in by the defendants showing the supplier to be Henderson-Crowe Productions, Inc., and signed "For Henderson-Crowe Productions, Inc. Charles Henderson," under date of September 28, 1979, and returned to the plaintiff. Meanwhile, the mechanics of forming the corporation had been turned over to attorneys who obtained the certificate of incorporation from the Secretary of State on October 12, 1979. The contract was signed by the plaintiff on October 22, and the first broadcast in fact occurred on November 1.

It thus appears that the contract did not come into existence until October 22, at which time the corporation had entered into its legal existence, and no corporate business under the contract was transacted until the following month. We have found no case where a mere offer to enter into a contract at an unspecified future time would assess personal liability against the incorporators where the contract was not in fact consummated until after the formation of the corporate entity. That such a situation is possible may be deduced from *American Cyanamid Co. v. Ring,* 248 Ga. 673 (286 SE2d 1) (1982). In that case the Supreme Court held that a contract signed by one of the parties on July 15, 1975, was in fact effective to bind the parties retrospectively to July 1 because of the wording of the instrument, which stated at the beginning that it was "entered into as of July 1, 1975," and ended with the statement that the parties executed it on "the day and year first above written."

No such language appears here. When the plaintiff received the

tender of the contract here involved not only had the corporate signature been added at the bottom and the corporate name in the body of the contract itself, but no language creating an ambiguity, such as appears in *Ring* occurs anywhere in the instrument. Therefore the contract offer remained merely a tender until accepted, a date after the corporate existence began. See Code § 22-803 (d); Nadler, Georgia Corporation Law, 1979 ed., § 9-4. At that time the document signed by the plaintiff plainly indicated the contract was between it and the corporate defendant and them alone, and it was of necessity accepted as such by the plaintiff by its act of signing. Until such signature there was no obligation on the part of any party. *National Surety Co. v. City of Atlanta,* 24 Ga. App. 732 (1) (102 SE 175) (1919). Nor was any act performed by the plaintiff prior to appending its signature to the document.

There is no basis for the contention that plaintiff entered into an agreement with the defendants individually. Granting that the plaintiff was aware at the time negotiations for the purchase of video time were commenced that the corporation had not been formed, it was also aware that a corporation was contemplated, and the instrument speaks for itself in showing that the agreement is between the two corporations only. "Parol negotiations and stipulations preceding the making of a written contract are merged in the written contract." *Blount v. Freeman,* 94 Ga. App. 110 (93 SE2d 820) (1956); *Green v. Ford Motor Credit Co.,* 146 Ga. App. 531 (1) (246 SE2d 721) (1978). No business was transacted prior to the incorporation of Henderson-Crowe Productions, Inc., and no contract came into existence prior thereto. The grant of summary judgment to Henderson and Crowe individually was without error.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 26, 1982.

*Charles M. Hall, Kirk W. Keene,* for appellant.
*Robert A. Moss, Richard B. Decker,* for appellees.