## LOGUE & COMPANY *v.* GARDNER; *et vice versa.*

HILL, J. 1. "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Civil Code (1910), § 5406.

2. A demurrer to the whole bill should be overruled if any part thereof be sustainable. *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874); *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150 (108 S. E. 609).

3. Since the passage of the uniform-procedure act of 1887 (Acts 1887, p. 64, Civil Code (1910), § 5406 et seq.), a demurrer to a petition upon the ground that the plaintiff has an adequate and complete remedy at law is not good, where the petition prays for only ordinary equitable relief. *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173).

4. The general rule is, "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." Civil Code (1910), § 5495.

5. Applying the foregoing principles, the court erred in sustaining a general demurrer to the petition as amended and in dismissing the case on demurrer; the petition alleging that the defendant was indebted to the plaintiffs in a stated sum upon an open account, which sum was past due and unpaid, and praying judgment against the defendant; but, in so far as the plaintiffs prayed for injunction against the sale and disposition of certain personal property upon the ground that the defendant had agreed to transfer the title to the personal property to the plaintiffs to secure the amount due by him to them, and had subsequently refused to do so, the petition did not set forth a cause of action, and the plaintiffs were not entitled to the extraordinary equitable relief prayed. *Booth* v. *Mohr,* supra. Under the allegations of the petition the plaintiffs were entitled to maintain the action for the purpose of recovering a common-law judgment against

the defendant, but were not entitled to the extraordinary equitable relief prayed. Consequently the court erred in dismissing the petition upon demurrer, and in overruling the demurrers to so much of the original petition and the amendment thereto as sought extraordinary equitable relief.

*Judgment reversed on both the main and the cross-bill of exceptions. All the Justices concur.*

Nos. 2693, 2706.    DECEMBER 13, 1921.

Equitable petition. Before Judge Shurley. Glascock superior court. June 6, 1921.

*E. B. Rogers* and *B. F. Walker,* for plaintiffs.

*L. D. McGregor,* for defendant.