## SMITH v. MANNING et al.

1. If a petition alleges a cause of action at law, whether or not it alleges a cause of action for equitable relief prayed for, it is not demurrable on the general grounds that it sets forth no cause of action and that there is no equity in the petition.

2. Where several persons conspire to rob and swindle other persons generally and pool their illegally obtained gains, they are jointly and severally liable for all the acts of each, done in pursuance of the conspiracy.

3. If after money has been obtained by such illegal means it is invested by one or more of the conspirators in other property, the loser of the money may in equity trace the fund into the property. But property in the hands of the conspirators is not, under this rule, subject to payment of a demand of a victim of the conspiracy who was not robbed until after the acquisition of such property and whose money was not invested in the property.

(a) As a general rule a creditor without a lien or an interest in property is not entitled to an injunction and receiver in order that the property may be forthcoming to satisfy a common-law judgment which the creditor might obtain on his demand.

4. Intervenors in an equity suit take the case as they find it, and cannot establish equities in their own behalf by intervention where the original petition in the case in which they intervene does not allege an equitable cause of action.

5. Where a suit in equity is instituted by a single plaintiff, and subsequently other persons become parties plaintiff by intervention, and the original petition and the several interventions each allege separate causes of action for money judgments in favor of the several parties plaintiff upon separate and unrelated claims, and the original petition — though projected on the theory that all of the parties plaintiff have rights and interests in designated property that should be administered by the court of equity for the benefit of all — fails to allege facts sufficient to show that plaintiff has any interest in such property, the petition is demurrable on the grounds of multifariousness and misjoinder of parties plaintiff.

No. 3022.    MARCH 1, 1923.

Equitable petition. Before Judge Pendleton. Fulton superior court. November 25, 1921.

On December 20, 1920, William R. Manning instituted an action against W. Clyde Smith, his wife Elizabeth Smith, Floyd Woodward, and several others. It was alleged in the petition that all of the defendants had formed a conspiracy for the purpose of robbery and swindling, the conspirators acting individually or collectively, and the fruits of the crimes to be for the common benefit of all and distributed among them. Under the plan of operation various people would be robbed or swindled out of

14

money which would be mingled and in some instances invested in property taken in the names of individuals belonging to the conspiracy or of other persons, which had the effect of rendering it impossible for a person who had been swindled to identify his property. In January, 1920, plaintiff became a victim; certain members of the conspiracy gained his confidence and induced him by deceitful practices to deliver to them his money under assurances that he would immediately receive enormous stated returns obtained from speculations through a purported stock exchange, which was not such in fact but was a mere device used for the purpose of enabling the conspirators to get hold of his money and make way with it; by such means they obtained from him $8100. The conspiracy had existed for more than two years, and there were many other victims for large amounts. The money obtained from the various victims never became the property of the conspirators, but, being mingled and invested, became a trust fund in which all the victims were interested. Among the allegations were the following paragraphs of the petition:

(29) "The said W. Clyde Smith has been living at 803 West Peachtree street in the City of Atlanta, with Mrs. Elizabeth Smith, his wife. The said Mrs. Elizabeth Smith has been in the confidence of the conspirators and a member of the conspiracy and has been and is yet aiding and abetting them in their schemes." (30) "On April 14, 1919, a bond for title was made to the said Mrs. Elizabeth Smith, for the conveyance of a house and lot at 803 West Peachtree, as recorded in book 439, page 57, of the Fulton County deed records, at and for the consideration of eighty-five hundred ($8500) dollars, upon which there has been paid a very large part, the exact amount being to petitioner as yet unknown." (31) "The money paid for said property was a mere voluntary gift to the said Mrs. Smith by the said W. Clyde Smith, and was made for the purpose of hindering, delaying, and defrauding his creditors, and those whom he has swindled and defrauded and those whom he intended to swindle and defraud, said intention existing at the time of the execution of said bond." (32) "The said Mrs. Elizabeth Smith is in possession of and claims title to a certain Stutz touring car, motor No. 2757, operated under license No. 3104 of the State of Georgia, which car is also the property of the said W. Clyde Smith, and was bought from the proceeds of

swindling operations conducted in a manner similar to that already herein described and by and with the aid of the said Floyd Woodward and his co-conspirators." (33) "The said Floyd Woodward also owns a valuable car in his name, that was placed sometime ago at the Cain Street Garage at No. 8 East Cain Street, Atlanta, Georgia, and was bought from similar sources of revenue." (34) "In addition to the items of property herein particularly described, there are many other items of property in the possession of said conspirators, or some of them, or concealed under the pretended ownership of other persons, all of which have been acquired from the proceeds of said swindling conspiracy, and to none of which the conspirators or any of them or their relatives or abettors have any just title, and all of which in equity and good conscience are a fund out of which the victims of said frauds, including your petitioner, are in equity and good conscience entitled to be reimbursed." (35) "Petitioner is not able at this time fully to describe and list all of said property or give a full and detailed history thereof, but reserves and prays leave hereafter to do so by amendment. . ." (37) "And petitioner shows that at the Central Bank & Trust Corporation there is a safe-deposit box standing in the name of the said Mrs. Elizabeth Smith, containing valuable documentary evidence showing the connection of the said Mrs. Elizabeth Smith and said conspiracy, as well as the character of the business itself." It was further alleged that this suit is brought for the purpose of having the court seize and impound all of the described property and administer the same for the benefit of plaintiff and such other persons as may elect to join as parties plaintiff to the suit. The prayers were, for injunction to prevent alienation of the property; for a receiver; for an accounting; for a judgment against all the defendants for the amount of petitioner's damages; and: (5) "That any other victim suffering loss from said criminal operations, who may desire to come in and participate in the unraveling of the scheme, be permitted so to do and to become a party to this suit; and that the assets be so marshaled and administered as to do justice to all upon an equitable basis, treating the assets in the hands of the conspirators, or held by any one for them, as a trust fund held for the benefit of all said victims joining herein."

A number of persons, including the following, intervened as parties plaintiffs. (1) O. Wynne became a victim in January, 1917, and suffered a loss of $25,000 by swindling devices of the conspirators as characterized in the original petition. (2) J. M. Luker in like manner suffered a loss of $1000 in January, 1918. (3) J. A. Nation in like manner suffered a loss of $3500 in March, 1918. (4) G. R. Bland in like manner suffered a loss of $9450 in October, 1919. (5) James A. Tutton in like manner suffered a loss of $3600 in December, 1919. Other intervenors suffered losses in 1920. In the several interventions it was alleged that the money of the intervenors had been invested in the automobile and realty described in the original petition, and that they were entitled to have all of such property administered as a trust fund, and that each was entitled to participate in the court's distribution of such property.

Elizabeth Smith in her own behalf filed a number of general and special demurrers to the original petition and to the several interventions as amended, except as to the intervention of Luker. After the filing of all of the demurrers the plaintiff, on the day of trial, filed another amendment to the petition, alleging that the plaintiff adopts the allegations contained in all the interventions " heretofore filed, together with any and all amendments filed thereto to date."

With the record thus completed the trial of the case proceeded, and separate judgments were rendered, overruling each and every one of the demurrers. The defendant excepted.

*Hewlett & Dennis,* for plaintiff in error.

*Reuben R. & Lowry Arnold, Hooper Alexander, Scott Candler, Robert McLarty, E. C. Hill, H. B. Evins, Napier, Wright & Wood, J. N. Johnson,* and *McClelland & McClelland,* contra.

ATKINSON, J. 1. The petition not only seeks a common-law judgment but in aid of such judgment seeks, under application of equitable principles, to trace the money into property in which it was invested, and to have such property administered by the court of equity for the benefit of plaintiff and other intervenors who may show an interest in it. As the petition alleged a cause of action at law, whether or not it alleged a cause of action for the equitable relief prayed, it was not demurrable on the general grounds that it sets forth no cause of action, and that there is

no equity in the petition. *Logue* v. *Gardner,* 152 *Ga.* 356 (110 S. E. 25).

2. The original petition seeks for recovery of a judgment at law for the amount of money alleged to have been obtained from plaintiff by all of the defendants as conspirators, by fraudulent practices and schemes such as are sometimes called confidence games. The petition alleged in effect that all of the several defendants had conspired to rob and swindle other persons generally and pool their illegally obtained gains, and in pursuance of such conspiracy had swindled and obtained from plaintiff a stated amount. The petition set forth a cause of action at law against all of the specially named conspirators, including the demurring defendant, Elizabeth Smith.

3. The original petition shows upon its face that the bond for title to the real estate into which it is attempted to trace some of the money obtained from the plaintiff was acquired on April 14, 1919, which was before the plaintiff, Manning, suffered a loss of his money in January, 1920. The only property alleged to have been purchased into which the plaintiff claims the right to trace his money was the real estate mentioned in the bond for title, and certain automobiles. The allegations as to the source from which the money was obtained to buy these properties are set forth in paragraphs 30, 31, 32, and 33 of the petition, which are quoted in the statement of facts. These allegations, construed on demurrer most strongly against the plaintiff, are insufficient to charge that the plaintiff's money was invested in either of such properties. Relatively to the real estate it was alleged: " On April 14, 1919, a bond for title was made to the said Mrs. Elizabeth Smith, . . upon which there has been paid a very large part, the exact amount being to petitioner as yet unknown." This was not an allegation that plaintiff's money, which was not lost until January, 1920, was invested in that property. Relatively to the Stutz automobile the allegation is that it " was bought from the proceeds of swindling operations conducted in a manner similar to that already herein described," etc. " Swindling operations " " *similar* to that already herein described " excludes the operation in which plaintiff lost his money. And to the same effect was the allegation relating to the other automobile, namely, " was brought from *similar* sources

of revenue," that is, revenue other than plaintiff's money. As plaintiff's money was not alleged to have been invested in these properties, there is no ground upon which to ask the aid of equity in tracing such fund. The plaintiff finally amended his petition by adopting the allegations of all of the interventions, in some of which it was alleged that the damage was sustained prior to the date of the bond for title, and that the money of such intervenors was invested in the real estate and the automobiles, but not one of these alleged that plaintiff's (Manning's) money was so invested. Consequently the adoption of the allegations of such intervenors did not cure the fatal defect in the original petition in failing to allege that the plaintiff's money was invested in such property. Nor would Manning, without an interest in or lien on the realty, have any equitable right to impound such realty on the theory that it was a mere gift to Mrs. Smith by her insolvent husband for the purpose of defrauding his creditors. *Atlanta &c. Ry. Co.* v. *Carolina Cement Co.,* 140 *Ga.* 650 (79 S. E. 555).

4. Intervenors take the case as they find it. *Atlanta &c. Ry. Co.* v. *Carolina Cement Co.,* supra. Allegations that would show an equitable right in the intervenors to trace their money into the property would not give them an independent right to proceed in equity in this case for such purpose, whatever might be their right to institute independent suits or a joint independent suit for such purpose. In this case they must take the fortunes of the plaintiff in the original petition; and as he did not allege a cause of action for equitable relief, the intervenors have no right to such relief.

5. In the circumstances the case as finally presented by the original petition and the several interventions is one where several persons allege separate and distinct causes of action at law against the defendants jointly, and with no grounds upon which to base a joint equitable action. It is manifest that the several plaintiffs can not join in one action; and it follows that the demurrer of the defendant Elizabeth Smith to the petition and interventions, raising the question as to the misjoinder of parties plaintiff, should have been sustained, and that the court erred in overruling such ground of demurrer. *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (49 S. E.

595); *White* v. *North Georgia Electric Co.*, 128 *Ga.* 539 (58 S. E. 33); *Martin* v. *Brown*, 129 *Ga.* 562 (59 S. E. 302); *Ansley* v. *Davis*, 140 *Ga.* 615 (79 S. E. 454); *Wilson* v. *Ward*, 149 *Ga.* 325 (100 S. E. 205).

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J. I concur in the judgment, but I do not agree to the broad language used in subparagraph (*a*) of the third headnote.