LOWRY COMPANY *v.* KILPATRICK *et al.*

HINES, J. 1. The trial judge, on hearing the application of the defendant in its cross-action against the plaintiff and his wife for an injunction, could, as against the applicant, treat the averments in the defendant's answer as true, and refuse to grant an injunction, without proof of such allegations, if those allegations did not make a case for the grant of an injunction.

2. When an insolvent debtor purchases land with his funds and procures title to be made to his wife, to delay, hinder, or defraud his creditor, and it is not alleged that the complainant claims title thereto, or has any judgment or lien thereon, or that the wife is insolvent, an injunction should not be granted, although the court should retain the bill and investigate on the final hearing the whole case, and decide upon all the equities arising thereon. *Mayer* v. *Wood*, 56 *Ga.* 427; *Stillwell* v. *Savannah Grocery Co.*, 88 *Ga.* 100 (13 S. E. 963); *Turnipseed* v. *Kentucky Wagon Co.*, 97 *Ga.* 258 (23 S. E. 84); Civil Code (1910), § 5495; *Virginia-Carolina Chemical Co.* v. *Provident Savings Life Assurance Society*, 126 *Ga.* 50 (54 S. E. 929); *Logue* v. *Gardner*, 152 *Ga.* 356 (110 S. E. 25). *Judgment affirmed. All the Justices concur.*

No. 3891. DECEMBER 12, 1923.

Petition for injunction. Before Judge Humphries. Fulton superior court. June 29, 1923.

Kilpatrick filed his equitable petition against the Lowry Company, and made this case: Defendant company is indebted to him in the sum of $4,250, for commissions as its salesman on $17,000

of plumbing supplies which he induced one Dean to purchase from said company. On August 25, 1921, the company represented to him that he was indebted to it in the sum of $2,600, for supplies, and that it wanted to get this indebtedness in a businesslike shape; whereupon he executed his 52 notes, each for the sum of $50 principal, payable on the 15th of each month, beginning September 15, 1921, upon the promise of the defendant to settle with him for said commissions as soon as Dean paid for said supplies purchased by him; and he paid two of said notes, relying upon the good faith of the defendant and its said promise. On learning that the defendant did not intend to settle with him for said commissions, and had merely promised to do so to induce him to sign said notes, he ceased to pay said notes, and demanded of the defendant a full and complete settlement, when the defendant refused to pay him his commissions or to return his notes. Many of said notes are not due, and he fears that the defendant will transfer them to an innocent purchaser before maturity, and thus deprive him of his right to set off the defendant's indebtedness to him. He prays that the defendant be enjoined from trading his notes, and be required to come in and set up its claim under them; and that he have judgment against it for $4,250, less his indebtedness to the defendant.

The defendant answered, denying the substantial allegations of the plaintiff's petition; and further answered in the nature of a cross-bill, and made this case: Plaintiff is indebted to it in the sum of $2,500, on said notes, with interest from August 26, 1921. They provide that if the maker should fail to pay any one of them within thirty days from its maturity, all of them shall mature. The majority of the notes have matured, and plaintiff has failed to pay them; for which reason defendant exercises its right to declare them all due. Plaintiff is insolvent. For the purpose of defeating his creditors the plaintiff purchased a described tract of land, which was paid for with his funds, and the deed was made to his wife. He and his wife have purchased certain other lots of land, to which deeds have been made to the husband or the wife; and the same have been purposely withheld from the record to conceal the purchase and ownership from the defendant. These lots were paid for with funds of the plaintiff, and they have used the same to delay, hinder, and defraud the defendant. The defendant prayed

for judgment against the plaintiff for $2,500 principal, and interest on said notes; that process issue requiring the wife to appear at the next term of the court, to answer its cross-action; and that plaintiff and his wife be enjoined from conveying, encumbering, or otherwise disposing of or changing the status of said lands.

A temporary restraining order was granted. The application by the defendant for a temporary injunction coming on to be heard, the trial judge dissolved the restraining order and denied a temporary injunction. To this judgment the defendant excepted on the grounds: (1) that the same is contrary to law and equity; (2) that the court erred in entering up the judgment upon hearing the cross-bill, and in refusing to hear and consider the evidence in support of the allegations therein made; (3) that the allegations in the cross-bill, when supported by sufficient evidence, would entitle the defendant to the relief sought.

*Etheridge, Sams & Etheridge,* for plaintiff in error.
*Neufville & Neufville,* contra.