### 38350. COLLIER, Director v. AKINS.

TOWNSEND, Judge. 1. The act of 1956 (Ga. L. 1956, p. 22) which gave authority to the State and any county, municipal corporation or other political subdivision to sell, lease, grant, exchange or otherwise dispose of public property, which act was repealed by the act of 1958 (Ga. L. 1958, p. 116) provided that, as to State property, the instrument of conveyance should be executed by the Governor. In the present action for a declaratory judgment brought by the Director of State Parks, seeking to have a certain agreement entered into on August 6, 1958, declared void, the instrument is denominated an "agreement or lease" and recites that it is entered into between the Department of State Parks of the Division of Conservation of the State of Georgia as party of the first part and Bonnell Akins of the second part. It is signed by the Department of State Parks by J. W. Brinson, Director, and approved by Marvin Griffin, Governor, and Bonnell Akins

as lessee. Thus, it appears that the instrument was intended by the parties to be an agreement primarily executed on behalf of the State by the Department of State Parks and not by the Governor of the State, and it does not appear on the face of the document that it was one sought to be executed illegally under and by virtue of a repealed statute.

2. On the other hand, section (g) of the act of 1937 (Ga. L. 1937, pp. 264, 274) as amended by the act of 1956 (Ga. L. 1956, p. 793) gives authority to the Department of State Parks of the Division of Conservation, "To construct and operate suitable public service privileges and conveniences in any' park or other property under its control, and for the use of same may make reasonable charges; and in its discretion may grant concessions to any responsible person, firm, association or corporation for such periods, in no event longer than five years, and upon such conditions as it may deem advisable. All moneys received from the operation of the State park system shall be paid into the State Treasury, and shall be set up as a rotary fund for maintenance and acquisition of lands. Such expenditures shall be subject to the same approvals as pertain to regularly appropriated funds."

(a) The parties to this agreement being the Department of State Parks on the one hand and the individual undertaking the obligation on the other, and the contract containing the stipulation that the latter "agrees to operate the premises for the convenience of the public," and it further appearing from the instrument that the three areas affected are "Tract 1, Lake and Cabin Area," "Tract 2, Nottley Falls Picnic Area," and "Tract 3, Walasiyi Inn and Cabin Area," the only possible construction of the agreement under consideration is that certain described real property' consisting of locations for picnicking, camping and hosteling are by the Department of State Parks turned over to an individual at a described rental figure to be used for the convenience of the public.

(b) It is contended, however, that since the parties to the agreement are denominated lessor and lessee, and the agreement is designated a lease agreement, it cannot be a concession within the meaning of Section 4(g) of the act of 1937, supra, but must be such a lease as the State no longer has power to grant because of the repeal of the act of 1956. The sole question, then is whether the agreement, which otherwise is a perfectly

proper concession agreement under the terms of the act of 1937, is voided because of the use of the word "lease" rather than the word "concession". We are cited to no authority for the proposition that a concession may not be in the form of a lease or rental agreement. On the other hand, we frequently find the words used interchangeably. In Haggard v. Industrial Commission, 71 Ariz. 91 (223 P. 2d 915, 926) it was stated: "Webster's Int. Dict., 2nd Ed., defines the word 'concessionaire' as 'The beneficiary of a concession or grant; specific., the lessee or grantee of a concession (sense 5), as at an amusement park, seaside resort, etc.,' while the 'sense 5' referred to is defined as 'A grant or lease of a portion of premises for some specific use, or of a right to enter upon premises for some specific purpose; as, a concession at a fair for a lunch counter.' See, also, Rendall v. Pioneer Hotel & Tucson Junior Chamber of Commerce, 71 Ariz. _____, 222 P. 2d 986." It is true that in Warren v. City of Topeka, 125 Kan. 524 (265 P. 78, 57 A.L.R. 555), where a "sale" of certain privileges was involved, it was held that the grantee did "not have a lease but only a concession," and, under the particular terms of the agreement in that case he was held to be an employee rather than an independent contractor, thus reaching a contrary conclusion to the Haggard case where the concessionaire lessee was held to be an independent contractor. Obviously in the Warren case the word *sale* was disregarded in arriving at the conclusion reached, and in both cases the intent of the parties as ascertained from the instrument as a whole was the determinative factor. The same rule is well recognized in this State. "The intention of the State in making a contract, like that of a corporation, must be ascertained by the acts and declarations of its constituted authorities and agents acting within the scope of their duties." *Regents of the University System of Georgia v. Blanton,* 49 Ga. App. 602 (1a) (176 S. E. 673).

The 1958 act which repealed the 1956 act referred back to the 1937 act, as Section 2 of the 1958 act provides as follows: "The granting of concessions in any park or other property under the control of the Department of State Parks shall be henceforth controlled by the provisions contained in subparagraph (g) of section 4 of the Act entitled an Act to create the Division of Natural Resources and four (4) subdivisions thereof,

approved March 5, 1937 (Ga. L. 1937, p. 264), as amended." (*Code Ann.* § 43-132). This transaction is accordingly in full and complete accord with the law as it existed at the time the contract was made. While it is true that, should the contract require a construction that it was a lease and nothing more, it would not be valid, however this contract when construed in its entirety does not convey the property to the defendant in error for a period of time to be dealt with as he sees fit, but turns it over to him for a specific purpose which is in accord with the purposes for which State parks were created. *Code* § 20-704(4) as follows applies: "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."

The word "lease" used in the instrument does not ipso facto render the agreement void, and, it being otherwise authorized by law as a park concession, the trial court did not err in sustaining the general demurrer to the petition seeking to have it declared void.

*Judgment affirmed. Gardner, P. J., Carlisle, Nichols and Bell, JJ., concur. Felton, C. J., dissents. Frankum, J., disqualified.* DECIDED JULY 12, 1960—REHEARING DENIED JULY 26, 1960.

*Eugene Cook, Attorney-General, Joe S. Champion, G. Hughel Harrison, Assistant Attorneys-General,* for plaintiff in error.
*Robert H. Jones, Charles H. Bruce,* contra.

FELTON, Chief Judge, dissenting. I dissent from the judgment not on the merits, as I express no opinion thereon, but I dissent on the ground that I am of the opinion that this court does not have jurisdiction of the case for the reason that the plaintiff prayed for equitable relief in praying "that the court enter an order in said matter restoring petitioner to possession and control of all of the property described in said instrument," and for such other relief as seems proper. The question here is not whether the petition sets forth a good cause of action for equitable relief but simply whether the plaintiff seeks it in good faith, whether well-founded or not. An equity court has the supreme and all-inclusive jurisdiction to say whether a petition or

other pleadings set forth grounds for equitable relief. A court of law has no jurisdiction to pass on the question whether a petition seeking equitable relief is good or bad as to the equitable feature. I think this case should be transferred to the Supreme Court. See *Code* §§ 37-901, 37-902, 37-907; *Smith v. Manning,* 155 Ga. 209 (116 S. E. 813).