## 48330. MOLLY PITCHER CANNING COMPANY v. R. H. SMALLING'S SONS, INC.

QUILLIAN, Judge. The plaintiff, appellee, filed a claim against the defendant, appellant, alleging that the defendant was indebted to the plaintiff on a contract for repairs, material and labor upon a building which belonged to the defendant.

On February 10 the plaintiff by letter offered to make certain repairs to a building of the defendant, including the installation of a certain metal door, in consideration of which plaintiff agreed to accept $2,259. The body of this letter reads as follows: "We propose to remove approximately 306 square feet of concrete block wall, remove door and pull two iron columns back in line. Replace masonry with new block, using block reinforcing every other course. Modify door opening to accommodate new door, using two angles 3-1/2 x 3-1/2 x 1/4 on inside masonry opening. Install a heavy commercial metal drum door, using a 16 in. galvanized metal flashing to close opening above door. We exclude any painting or concrete block fill in our price. We propose to furnish all labor and materials as mentioned above for the lump sum of $2,259."

By letter of February 25, 1972, Mr. Thomas A. Markham, on behalf of the defendant accepted this bid as follows: "We accept your bid on February 10, 1972 for repairs to masonry wall and install a new drum type metal door at area damaged by truck in the amount of $2,259, at our plant in Fort Valley, Georgia. As I mentioned on the phone, I would appreciate your advising me when you can begin the work and will be awaiting reply from you."

The defendant stated that prior to the written agreement the plaintiff had verbally agreed that the superstructure of the installed door would be reinforced by two pilasters on each side of the new door, to be poured with concrete and steel reinforced. The plaintiff stated that there was no such verbal agreement and that the written contract constituted the complete agreement of the parties and was not altered by any oral agreement, and that all agreed to in the contract had been completed.

The plaintiff filed a motion for summary judgment which was granted and the defendant appealed. *Held:*

The defendant contends that under that which was held in *Scott v. Ryder Truck Lines,* 120 Ga. App. 819 (172 SE2d 365) the oral agreement should be admitted to show that the contract was

modified. However, in the *Scott* case the oral agreement took place subsequent to the execution of the written contract. In the case sub judice the oral discussion was prior to the time of the written agreement. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be *conclusively presumed* that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument. *Bullard v. Brewer*, 118 Ga. 918 (1) (45 SE 711)." (Emphasis supplied.) *Millender v. Looper*, 82 Ga. App. 563, 568 (61 SE2d 573). In this case the contract was not ambiguous and therefore evidence of a prior oral agreement which would vary the terms of the contract was not admissible.

The granting of the motion for summary judgment was not error. *Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED JULY 2, 1973 — DECIDED SEPTEMBER 27, 1973.

*Culpepper & Culpepper, Sampson M. Culpepper,* for appellant. *Jones, Cork, Miller & Benton, Rufus D. Sams, III, Thomas C. Jones, III,* for appellee.