## 50561. R. S. HELMS, INC. et al. v. GST DEVELOPMENT COMPANY et al.

MARSHALL, Judge.

Appellant Helms, defendant contractor below, appeals the grant of a motion for summary judgment in favor of appellee, GST Development Company, plaintiff owner below, on two counts of Helms' counterclaim for damages.

Appellee, GST Development Company (owner) brought this action to recover $500,000 as damages for breach of a construction contract; $26,000 for money paid

under a mistake of fact; $10,000 as attorney fees; and $7,000 as damages for the wrongful filing of a materialman's lien. Essentially, the owner alleged that it entered into a contract with the contractor to construct a condominium project known as Section 1 of Liberty Square located in Clayton County, Georgia, consisting of 18 separate buildings containing 54 dwelling units for the lump sum price of $725,120, which the contractor breached by failing to perform within the allotted time of nine months.

The appellant Helms (the contractor) answered, alleging inter alia, that there never was a valid and enforceable contract between the parties, but if there was, then it was breached by the owner's action of limiting the number of buildings that could be constructed until a certain number of units had been presold by the owner, changing the plans for the project and thus the scope of the work, failing to pay for the work done, and failing to issue change orders for changes in the work. The contractor counterclaimed under a theory of quantum meruit for the value of the work performed for which it was not paid (Count 1) and in the alternative, sought to recover damages for lost profits because of the owner's breach and to enforce a lien against the improved property (Count 2).

Though the parties to the dispute are in agreement that a formal, written contract was entered into between the parties on December 5, 1972, and that a waiver of materialman's mechanic's lien was executed by the contractor on January 4, 1973, the parties are in total disagreement as to the meaning and effect of both documents.

In substance and as pertinent to these proceedings, the basic contract executed by appellant and appellee provides: "The contractor shall perform all the work required by the contract. Documents for the proper construction and completion of the work as shown and described on drawings as 'Section 1 of Liberty Square' consisting of eighteen buildings containing fifty four dwelling units. The work to be performed under this Contract shall be commenced within ten (10) days following notification from owner, that a construction loan has been closed, and completed within nine (9)

months following such notification. The owner shall pay to the contractor for the performance of the work, subject to additions and deductions by Change Order as provided in the conditions of the contract, in current funds, the Contract Sum of Seven Hundred Twenty Five Thousand One Hundred Twenty Dollars ($725,120.00)."

In January, 1973, the contractor, at the request of owner, executed a waiver of all lien rights the contractor "may have against the land in order that owner may grant to lender a paramount lien upon the land as security for an $835,000.00 mortgage loan." In order to effectuate this waiver of lien, the contractor agreed to and did "waive and release any and all liens, or claims or right of lien on the land and any improvements thereto or thereon that General Contractor may have by reason of the laws of the State of Georgia concerning mechanic's or materialman's lien, on account of labor or materials or both, furnished or which may be furnished by General Contractor to or on account of Owner for the Land or the improvements thereto or thereon."

By parol evidence derived from extended depositions of the parties to the contract, the contractor attempted to establish that the intent of the owner to correlate the speed of construction to the presale of a designated number of units was never communicated to the contractor (a fact vigorously contested by the owner); that those parts of the contract calling for building units to a specific design or the building of recreational facilities was not fully developed nor understood by contractor (also contested by owner) and that these and other acts by the owner effected a breach of the contract by the owner rather than by the contractor. The contractor further attempted to show that his only intent in signing the waiver of lien was to subordinate any lien he might have to that of the lender, not to forgo forever and completely any rights he might accrue after the signing of the lien. *Held:*

It has long been the law of this state that parol evidence will not be considered to add to, take from, or vary a written contract. The attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained (Ga. L.

1964, p. 414 (Code Ann. § 20-704 (1)) (UCC § 109A-2—202); *Molly Pitcher Canning Co. v. R. H. Smalling's Sons, Inc.,* 129 Ga. App. 742 (200 SE2d 908)), but a construction which will uphold a contract in whole and in every part is to be preferred (Code Ann. § 20-704 (4)); *Collier v. Akins,* 102 Ga. App. 274, 277 (116 SE2d 121)). Thus no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such instances, the language used must be afforded its literal meaning and plain ordinary words given their usual significance. *Benefield v. Malone,* 112 Ga. App. 408, 410 (145 SE2d 732).

Since the contractor does not dispute the language of the contract or lien involved but acknowledges his dispute is over the meaning of the contract and subsequent acts of the parties to the contract during the execution thereof, the contractor is bound by what has been reduced to writing. This writing appears to be a complete and certain agreement. There is no evidence or allegation of fraud or accident. Thus the contract and waiver of lien will be presumed to contain the entire contract, and parol evidence of prior or contemporaneous representations or statements will not be considered to add to, take from or vary the written instruments involved. *Molly Pitcher Canning Co. v. R. H. Smalling's Sons, Inc.,* supra, p. 743.

There being no substantial ambiguity in the terms of the contract or waiver of the lien, there was no question of fact to be resolved in determining the disposition of Counts 1 and 2 of appellant's counterclaim. *Collins v. Frazier,* 23 Ga. App. 236, 237 (98 SE 188). It was not error therefore for the trial judge to grant appellee's motion for summary judgment as to those counts.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 5, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 29, 1975 —

Heyman & Sizemore, William H. Major, William B. Brown, Maurice N. Maloof, for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John A. Howard, Earl Van Gerpen,* for appellees.